## C. E. DE WITT AND ANOTHER V. MONROE & BROTHER.

Where the plaintiff in execution moved to set aside the entry of satisfaction entered thereon, and there was no citation or notice in the record, and the entry of the judgment of the Court, sustaining the motion, did not show that the defendant appeared, either in person or by attorney, but there was a statement of facts in the record, which was signed by an attorney for the defendant, and stated that the defendant excepted and gave notice of appeal; it was held that the record did not show that the defendant appeared before judgment; nor after judgment, for any other purpose than to give notice of appeal and sign a statement of facts.*

An appearance for the purpose of objecting to process or want of process, has often been held by this Court to be permissible, and not to bind the party to ● a full appearance in the cause.

It has also been decided that giving notice of appeal to the Supreme Court did not operate as an appearance of the party, to a motion in which notice was necessary.

It would naturally follow that agreeing to a statement of facts after judgment, and after notice of appeal, would not any more operate as an appearance; for the reason of the one equally applies to the other.

The defendant in execution must have notice of a motion to set aside proceedings which have resulted in a total or partial satisfaction of the judgment.

The defendants to a judgment, are not presumed to be in Court, after its rendition.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

On the 3d day of May, 1856, Monroe & Brother recovered judgment against Clinton E. De Witt, for $735 41, and costs of suit, to bear interest at ten per cent. May 7th, 1856, execution issued; May 9th, levied on negro woman named Viney and her child named Nelly; May 9th, returned not satisfied, by order of a writ of *supersedeas*, defendant in execution having sued out a writ of error. The judgment being affirmed by the Supreme Court on the 29th of November, 1856, against said Clinton E. De Witt and his surety I. G. Jones, an alias execution was

---

* It will be observed that this synopsis is constructed upon the position occupied by C. E. De Witt.—REPS.

19

issued on January 3d, 1857, and levied, January 22d, on a tract of "seven hundred and forty acres of land out of the headright of James Gibson, as a colonist of Green De Witt, and sold by order of the County Court to pay fees of the partition and division of the estate of Gibson, at which C. C. De Witt became the purchaser. (See Record Book.) This land pointed out by C. C. De Witt, he having assumed to pay the debt; also upper half of D. C. Tomlinson's quarter of a league, containing 553 acres, all situated on Peach Creek, pointed out by C. C. De Witt to satisfy this execution. Jan. 22d, 1857." On the 3d day of March, said property was regularly sold, and Monroe & Brother become the purchasers, of the first tract at $370, and of the second tract, at $166 05. The execution was returned not satisfied, with the receipt of Monroe & Brother for the amount of the purchase money of the said tracts indorsed thereon. Same day the Sheriff executed a deed to Monroe & Brother, which was recorded on the 16th of March. The deed contained the following recital:—

And whereas Christopher C. De Witt voluntarily came to me, and declared that he had, in an arrangement or transaction with his brother, the said C. E. De Witt, undertaken and promised to assume and pay off and satisfy the execution, for a valuable consideration to him paid by said C. E. De Witt, I, at the special instance and request of him, the said Christopher C. De Witt, proceeded to levy the said execution on the, &c. Here followed a description of the property, already given.

April 20th, 1857, Monroe & Brother filed a motion to set aside the levy and sale, and to be permitted to have execution for the full amount of the judgment against the said C. E. De Witt and I. G. Jones. The motion stated that the plaintiffs were not parties to the arrangement by which C. C. De Witt assumed to pay the debt, and pointed out property to be levied on, and that they had not assented thereto; that C. C. De Witt had no title to the property so levied upon and sold; and they prayed to be permitted to release all their claim to said property to said C. C. De Witt, and filed such release with the motion. The grounds on which the motion was based were stated to be:—

1st. Because the said C. C. De Witt had not a title to the land pointed out, as aforesaid, levied on and sold to satisfy the said execution, and that plaintiffs gained no title thereby.

2d. Because the Sheriff had no right or authority, in the ab-

sence of the plaintiffs' consent and express willingness, to levy on property pointed out by any one not a party to the suit.

3d. Because the plaintiffs never agreed to substitute C. C. De Witt for the said C. E. De Witt, principal, and Isham G. Jones, surety as aforesaid.

4th. Because the Sheriff's return, made upon said alias execution, is incorrect in describing the said land levied on as land sold by order of the County Court, and purchased by the said C. C. De Witt; as such is not the case.

There was no citation or notice in the record, nor answer to the motion; nor did the entry of judgment recite that either of defendants was present, in person or by attorney.

The motion was sustained. It appeared from a statement of facts, that notice of the motion was not served on I. G. Jones, but that B. F. Fly appeared for him and contested the motion, upon the ground that said Jones had no notice of the motion; and that the defendants, by their attorneys, excepted and gave notice of appeal. The statement of facts was signed by " Mills, att'y for De Witt," " B. F. Fly, att'y for Jones," and by the attorneys for the plaintiffs.

*Stewart & Mills*, for appellants. I. The Court will never undertake to adjudicate rights of parties who are not before it. (Toler & Crosby v. Ayres, 1 Tex. R. 398.) The defendants in the execution, on general principles, are entitled to notice of the proceeding to set aside the sale. (McKinney & Williams v. Jones, 7 Tex. R. 598; Lasselle v. Moore, 1 Blackf. R. 226.) The appearance of Jones, by B. F. Fly, as appears on the record, to give notice of appeal, does not dispense with notice of the motion. (7 Tex. R. 599; 3 A. K. Marsh. 154.) Nor was B. F. Fly's suggestion to the Court below, that Jones had no notice of the proceedings, such an appearance as to dispense with notice to Jones. The suggestion of *amicus curiæ*, has never been held as an appearance. There is no pretence of notice to C. E. De Witt. After the original judgment against C. E. De Witt was rendered, judicial proceedings in that case were at an end; and the defendant is considered in Court no longer, and every objection afterwards made to the manner in which the judgment is executed, is, in legal intendment, made without his knowledge, unless he is specially notified thereof. (Cline v. Green, 1 Blackf. R. 53.) A fair construction of Art. 750, Hart.

Dig. would also require notice to the defendants in the alias execution.

II. Monroe & Brother accepted the Sheriff's deed of the lands sold; the record shows it was filed with the County Clerk for record by the plaintiffs in the motion. There is no warranty in Sheriffs' sales. The levy and Sheriff's deed recites C. C. De Witt's agreement to pay the execution against C. E. De Witt and I. G. Jones. The plaintiffs claimed under those recitals, and are bound by them—the language of the levy and the recitals in the Sheriff's deed, being official acts, are *prima facie* true. They, with the parol evidence of the Sheriff, as to the substitution of C. C. De Witt, and his becoming responsible to pay the execution, would forever estop C. C. De Witt from contesting the title of the land sold. By accepting the Sheriff's deed the plaintiffs consented to the substitution of C. C. De Witt, and without any evidence, impeaching or traversing the levy, and the recitals of the Sheriff's deed, the Court annulled and vacated the whole proceeding. We think this error.

*Hutchinson and Harwood,* for appellees.

ROBERTS, J. The legal effect of the judgment of the Court in' this case is, to set aside the satisfaction entered on the execution by Monroe & Brother, who were the plaintiffs in execution, for the sum of five hundred and thirty-six $\frac{05}{100}$ dollars. The record does not show any notice to defendants in the execution, C. E. De Witt and I. G. Jones, against whom an execution was ordered for that amount. Nor does the judgment recite that they appeared. The statement of facts was signed by their attorneys, and it is therein stated that notice of the motion "was never served on I. G. Jones, one of the defendants or his attorneys; that B. F. Fly appeared for him, and contested the motion upon the ground, that said I. G. Jones had no notice of the motion to set aside the levy and return," &c., and also that defendants, upon the motion being granted, by their attorneys, gave notice of appeal to the Supreme Court. It does not appear, then, that the appellants or either of them appeared in the Court below, for any other purpose than to object to the action upon the motion, on account of the want of notice, and, then, after judgment, to give notice of appeal, and agree to and sign a statement of facts. The question now is whether the appellants appeared in

such a manner as to cure the want of notice of the motion. We think not. An appearance for the purpose of objecting to defective process or want of process, has often been held by this Court to be permissible, and that it does not bind the party to a full appearance in the cause.

It has also been determined that giving notice of appeal to the Supreme Court did not operate as an appearance of the party to a motion in which notice was necessary. (McKinney & Williams v. Jones, 7 Tex. R. 599; and 3 A. K. Marshall, 154, referred to.)

It would naturally follow that agreeing to a statement of facts after judgment, and after notice of appeal, would not any more operate as an appearance; for the reason of the one equally applies to the other.

That there must have been notice of this motion given to the defendants, is almost too plain for controversy. As the record stood before the motion was made, the original judgment was extinguished to the extent of the entry of satisfaction, and by the action of the Court their liability thereon was sought to be revived, and an execution for it was ordered. Whether they could have successfully resisted the motion, had they been properly brought into Court, is not the question. Their interests were being adjudicated, and they had a right to be notified, and then to be heard, by the Court making such adjudication. This is a fundamental principle, applicable to all the proceedings of a Court of justice, at every stage of their progress. (Toler & Crosby v. Ayres, 1 Tex. R. 398; McKinney & Williams v. Jones, 598; Lasselle v. Moore, 1 Blackf. R. 226.)

The defendants to a judgment, after its rendition, are not presumed to be in Court, and cognizant of its proceedings, as they are, after an appearance and before judgment.

The Court therefore erred in entertaining this motion, and setting aside the levy and sale of the Sheriff, at the instance of the purchaser, without first having given notice to the defendants in the execution. Judgment reversed and cause remanded.

                                    Reversed and remanded.