**CAMPBELL et al. v. RICHARDS et al.**
**(No. 9638.)**

(Court of Civil Appeals of Texas. Fort Worth. May 14, 1921. Rehearing Denied June 18, 1921.)

1. **Execution** 251(2) — **Judgment creditor may move to set aside sale where irregularities result in inadequate price.**

Judgment creditor after a sale under an execution may by motion have the sale set aside by reason of irregularities resulting in a sacrifice of the property for an inadequate price.

2. **Motions** 10—**May be filed after determination of issues involved.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2118, 2120–2123, motions may be filed not only in suits pending, but also in such suits after a determination of the issues involved.

3. **Execution** 253(1)—**Notice of motion to set aside sale under execution held sufficient.**

A notice of motion in the following terms: "To the Sheriff or Any Constable of T. County—Greeting: You are hereby commanded that you serve J. the defendant in the above-stated cause, with accompanying certified copy of plaintiffs' amended original motion to vacate the sale of land and cancellation of sheriff's deed and deed to defendant J. to V. Company thereunder, who resides in the county of T."—was

sufficient under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2118, 2120–2123, in view of article 5502, the motion and the notice being duly served, although such notice did not fix a day upon which the motion should be heard.

On Motion for Rehearing.

4. **Judgment** 379(1) — **Meritorious defense necessary on application to set aside judgment.**

A showing of a meritorious defense is necessary in an application to set aside a judgment granting a motion to set aside a judgment and cancel deeds resulting from sale under execution.

Error from District Court, Parker County; F. O. McKinsey, Judge.

Action by J. M. Richards against J. I. Campbell and others. Judgment for plaintiff. Motion of defendants Campbell and the Virginia Company to vacate the same was denied, and they bring error. Affirmed.

S. C. Padelford, of Fort Worth, for plaintiffs in error.

Shropshire & Bankhead, of Weatherford, for defendants in error.

CONNER, C. J. On November 13, 1918, the appellee, J. M. Richards, recovered a judgment against I. E. Smith as the maker of certain vendor's lien notes, amounting to some $1,500, besides interest, and against J. I. Campbell foreclosing a vendor's lien on a certain tract of land in Glasscock county. Certain other parties were made defendants in the case, but, as their connection is not important, they need not be named.

The defendant Campbell had purchased the land through mesne conveyances from Smith, and the judgment as against Campbell was for the foreclosure of the lien only. Pursuant to the decree, an order of sale was issued directing the proper officer of Glasscock county to sell the land to satisfy the judgment. The order of sale was issued on the 12th day of December, after the adjournment of the term of court at which the judgment was rendered. As appears from the return, the sheriff duly levied the writ, and after advertising the sale the land was sold on the 3d day of February, 1920, being the first Tuesday in said month, to the plaintiff in error J. I. Campbell for the amount of $550.

Upon the return of the process the appellee, J. M. Richards, joined by the original defendant, I. E. Smith, filed a motion in the original case in the district court of Parker county, seeking to set aside the sale, and also seeking to set aside a deed made by Campbell to the Virginia Company, a private corporation. This motion was later amended. In the amended motion it was alleged that Campbell had conspired with a representative of the plaintiff, Richards, who had been

selected to attend the sale in Richard's interest and bid it in for him; that it had been agreed between Richards and Campbell that the judgment should be so rendered and the land so sold in order to clear Campbell's title of certain claims on the part of others; that Campbell attended the sale, conspired with the plaintiff's said agent, who in fact did not attend, and thus procured the sheriff's deed at a very grossly inadequate price; that the deed from Campbell to the Virginia Company was colorable, etc.

Upon the filing of the amended motion there was issued a precept or notice directed to the proper officer of Tarrant county, where it had been alleged that both J. I. Campbell and the Virginia Company resided. The notice is in the following terms:

"To the Sheriff or Any Constable of Tarrant County—Greeting:

"You are hereby commanded that you serve J. I. Campbell, the defendant in the above-stated cause, with accompanying certified copy of plaintiffs' amended original motion to vacate the sale of land and cancellation of sheriff's deed and deed to defendant Campbell to Virginia Company thereunder, who resides in the county of Tarrant of Fort Worth, and state of Texas.

"Herein fail not, but of this and the execution thereof make due return within five days after service.

"Given under my hand and the seal of this court this 16th day of April, A. D. 1920. G. W. Buchanan, Clerk of District Court of Parker County."

The return of the officer thereon is as follows.

"Came to hand the 17th day of April, 1920, and executed on the 7th day of May, 1920, by delivering to the within-named defendant J. I. Campbell the accompanying certified copy and a true copy of this writ. Sterling P. Clark, Sheriff of Tarrant County, Texas."

A similar notice was issued and served on the Virginia Company. Neither Campbell nor the Virginia Company appeared in answer to the motion, and the district court in Parker county, which had rendered the original judgment, after having heard the motion and evidence submitted in support thereof, entered its decree setting aside the sale of the land by the sheriff of Glasscock county and canceling his deed to J. I. Campbell, and also canceling the later deed made by Campbell to the Virginia Company.

On the 22d of May, 1920, the defendants J. I. Campbell and the Virginia Company presented a motion to set aside and vacate the court's judgment entered upon the 20th day of May, which, having been duly heard by the court, was overruled, and from this ruling the defendants Campbell and the Virginia Company have prosecuted this writ of error.

The motion to set aside the judgment, vacating the sale and canceling the deeds as above related was duly verified. Exception was taken to the jurisdiction of the court, to the failure to receive proper notice of the motion, denial of frauds alleged, etc., and the material questions presented here are:

(1) Did the district court of Parker county have jurisdiction to entertain the motion of the defendants in error to set aside the sheriff's sale and cancel the deeds to Campbell and the Virginia Company as was done?

(2) Whether or not the defendants Campbell and the Virginia Company had been sufficiently notified or cited to appear, it being the contention in behalf of plaintiff in error that the suit is, in effect, one in trespass to try title, or to remove cloud from title and could only have been prosecuted by a separate and independent suit or proceeding, and not by motion, as was done, and that the notice served upon them was wholly deficient in that it failed to state the names of the parties, give the number of the suit, or otherwise identify the proceeding, and failed in other essentials of a citation as prescribed by the statute.

[1] The first question above noted seems to have been settled by the decisions. The case of De Witt v. Monroe, 20 Tex. 289, was one wherein the plaintiff in the execution moved to set aside the entry of satisfaction that had been entered thereon. The trial court in that case proceeded to vacate the sale made under the execution. On appeal the judgment was reversed, not on the ground that the trial court was without jurisdiction to entertain the motion to set aside the proceedings, but on the ground that the record failed to show that the defendant had notice. While the question of the court's power to so proceed is not discussed in that case, it could hardly have escaped the notice of the Supreme Court had it been of the opinion that there was no power on the part of the trial court to so proceed. Later, in the case of Hansbro v. Blum, 3 Tex. Civ. App. 108, 22 S. W. 270, the question was directly presented, and the power of a court to so proceed was expressly upheld. It is there said:

"The right of a judgment creditor to apply by motion to the court in which his judgment was obtained to set aside a sale which has, through irregularities in making it, resulted in a sacrifice of the property for an inadequate price, has been recognized by our Supreme Court in many cases."

In support of this statement are cited a number of Texas cases and text-writers. In that case Hansbro was a purchaser at the execution sale, and not a party to the judgment; nevertheless he was subjected to the ruling, the court stating that—

"The reasons assigned in the cases for the exercise of such a power over a purchaser who is a stranger to the suit in which the sale took place is that, by a purchase under its process,

he submitted himself to the jurisdiction of the court over such process, and became subject to its power to revoke a sale which had been improperly made thereunder."

We have found no case and none has been cited that announces a doctrine contrary to that announced in the case of Hansbro v. Blum, and we accordingly conclude that the first and principal question presented in behalf of the appellants must be decided against them.

As pertinent to the second question, we refer to the following articles of our statutes:

Article 2118, V. S. Tex. Civ. Stats., provides that the clerk of the court shall keep a motion docket, in which he shall enter every motion filed in his court, the number of the suit in which it is made, etc. The next article, 2119, provides:

"Whenever, in the commencement or progress of any suit, it shall be necessary to serve any notice on any party to such suit, such notice may be served either by an officer authorized by law to serve original process of the court in which the suit is brought or may be pending, or by any person who would be a competent witness upon the trial of such suit," etc.

Article 2120 reads:

"Notice of motions in a suit pending is given by the filing of the motion and entry thereof in the motion docket during the term."

Article 2121 reads:

"All motions relating to a suit pending which do not go to the merits of the case may be disposed of at any time before the trial of the cause."

Article 2122 reads:

"Where a motion does not relate to a pending suit, and where the time of service is not elsewhere prescribed, the adverse party shall be entitled to three days' notice of the motion."

Article 2123 reads:

"All motions not relating to a suit pending shall be taken up and disposed of in their order as other suits are required to be."

[2] By reference to the statutes mentioned, it will be seen that motions may be filed not only in suits pending, but also in such suits after a determination of the issues involved, as in the case of the motion before us. It is to be further noted that it is essential that the opposing party or the party to be affected by the motion must receive notice of its filing, but the statutes prescribe no particular form of notice to be given. Our laws provide (article 5502, V. S. Stats.) that "the ordinary signification shall be applied to words" in construing civil statutory enactments, except only when words relating to some art or particular trade are used. A number of definitions of the term "notice" is thus given by Mr. Webster:

"Intelligence, by whatever means communicated; knowledge given or received; information; intimation; notice, as to give or receive notice of a storm," etc.

[3] Tested by the statute and the rule so indicated, we feel unable to say that appellants did not receive timely and sufficient notice of appellee's motion to set aside the deeds as he sought to do. The motion required the proper officer to deliver to appellants the certified copy of the motion which accompanied the precept, and this was duly served. Appellants were thereby given full notice of the fact of the motion having been filed, and of the suit wherein it was filed, and of the court wherein filed and of the purpose of the proceeding. The notice was given some ten days prior to the court's action thereon, and appellants, in their motion to set aside the judgment appealed from, make no excuse for their failure to appear before the district court of Parker county and to present their defense to the motion, if they had any. We do not think it can be said that it was essential that the notice should have fixed the day upon which the motion should be heard. Article 2123 of the Statutes, already quoted, provides that motions of the character here involved shall be taken up and disposed of in their order as other suits are required to be, and of this statute appellants must be effected with knowledge. In other words, upon having received notice of the filing of the motion as they did, it was incumbent upon them without further notice to seasonably appear and answer the motion, if answer they had. And, not having shown any excuse for their failure to do so, the judgment of the court below on the motion will not be disturbed.

All assignments of error are accordingly overruled, and the judgment is affirmed.

### On Motion for Rehearing.

Appellants present a lengthy motion for rehearing which we will not undertake to discuss in detail. We think the controlling questions presented by their assignments of error have been sufficiently, though briefly, discussed in our original opinion, and, inasmuch as we have been unable to arrive at final conclusions at variance with those originally expressed, we think the motion for a rehearing must be overruled.

[4] To what we originally said, however, we add that in addition to the failure of appellants to show a sufficient excuse for their failure to appear before the district court and there contest appellees' motion to set aside the sheriff's deed and the deed to the Virginia Company as colorable, they also failed to show a meritorious defense, and such a showing in an application to set aside a judgment, of a character of the one from which this appeal has been prosecuted, is

uniformly held to be necessary. See Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Johnson v. Templeton, 60 Tex. 238.

Motion for rehearing overruled.