## MARIPOSA MINING CO. v. WATERS.
### (No. 1831.)

(Court of Civil Appeals of Texas. El Paso. Dec. 17, 1925. Rehearing Denied Jan. 7, 1926.)

1. **Appeal and error** &#9755;530—In direct attack on judicial sales by motion or independent suit to set it aside proceedings in original action are no part of record, unless contained in statement of facts.

In a direct attack upon validity of judicial sale, whether by independent suit to set it aside or by motion in same suit, proceedings in original action constitute no part of record, unless offered in evidence, and will not be considered on appeal, unless incorporated in statement of facts.

2. **Appeal and error** &#9755;876—On appeal from order denying motion to set aside sale which made no attack on original judgment, defendant's brief cannot collaterally attack original judgment.

On appeal from order denying defendant's motion to set aside judicial sale for failure to give proper notice, and for gross inadequacy of price, which made no attack on judgment under which sale was made, defendant in his brief will not be permitted to collaterally attack such judgment for irregularities in service of process.

3. **Judgment** &#9755;497(2)—Recitals in judgment, relative to citation of nonresident defendant, not subject to collateral attack.

Judgment reciting that defendant had been duly and legally cited as required by law is not subject to collateral attack, such recitals importing absolute verity, and sufficiency of process in record cannot be considered for purpose of impeaching finding in judgment upon jurisdictional issue.

---

&#9755;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Judgment ⬅497(2)—When judgment may be collaterally attacked stated.**

If judgment is silent as to service, or if it identifies process on which is based finding of due service, then the process may be examined, and, if it affirmatively appears therefrom that jurisdiction did not attach, judgment is void, and may be collaterally attacked.

Error from District Court, Brewster County; C. R. Sutton, Judge.

Action by W. M. Waters against the Mariposa Mining Company. Judgment was entered for plaintiff, and foreclosure of attachment lien and sale ordered to satisfy judgment. Defendant's motion to set aside the sale was overruled, the purchaser's title was confirmed, a motion for new trial was denied, and defendant brings error. Judgment affirmed.

Mead & Metcalfe, of Marfa, for plaintiff in error.

Harper & Howard, of El Paso, Brian Montague, of Del Rio, and W. Van Sickle, of Alpine, for defendant in error.

WALTHALL, J. The transcript shows substantially the following: W. M. Waters, as plaintiff in lower court, on October 27, 1922, filed his original petition in the district court of Brewster county, alleging that the Mariposa Mining Company is a foreign corporation, whose domicile he does not know; that F. M. Dancy is its president, and resides in New Orleans, La., at 1332 Hibernia Bank Building, and that Frank Scattergood is its secretary and treasurer, and resides at 1300 Weidner Building, Philadelphia, Pa., upon whom service can be had. For cause of action Waters alleged an indebtedness due him by the Mariposa Mining Company, on an agreed salary per month, beginning with October, 1920, and ending on October 1, 1922, for work and labor done and for moneys paid and advanced by him to the defendant company during his time of service, the total amount aggregating the sum of $1,934.91, after all credits have been allowed, for which he prayed judgment. Waters also prayed for the issuance of a writ of attachment and for the foreclosure of an attachment lien. The necessary affidavit for the attachment and the attachment bond were duly made and filed; the writ of attachment was duly issued and levy thereunder made on two sections of land in Brewster county, sufficiently described as the property of the defendant mining company, and return of the sheriff showing his action in the execution of the said writ.

On October 30, 1922, the clerk of the district court of Brewster county issued a notice to serve nonresident defendant, which notice (omitting the certified copy of plaintiff's original petition, attached to the notice) is as follows:

"The State of Texas, to F. M. Dancy, President of the Mariposa Mining Co.—Greeting:

"Whereas, W. M. Waters, of Terlingua, Tex., county of Brewster, state of Texas, did on the 27th day of October, 1922, file in the district court, of Brewster county, state of Texas, his petition in suit No. 1049, on the civil docket of said court, being suit brought by the said W. M. Waters, as plaintiff, against the Mariposa Mining Company, as defendant, and the nature of the plaintiff's demand as stated in said petition being substantially as follows, to wit: For debt and foreclosure of attachment lien as more fully appears from the certified copy of plaintiff's petition accompanying this notice;

"And, whereas, the said petition will be heard by the said district court of Brewster county, at Alpine, Tex., on the 12th day of February, 1923:

"These are, therefore, to require you to appear at the time and place above stated, and answer said plaintiff's petition, of which said petition a certified copy accompanies this notice.

"Given under my hand and the seal of said court at office in Alpine, Tex., this 30th day of October, 1922."

The notice was duly attested by the district clerk with the seal of the court impressed thereon, and accompanying the notice was a certified copy of plaintiff's verified petition accompanying the notice.

The service of the notice purports to be as follows:

"The State of Louisiana, Parish of Orleans:

"Personally appeared before me, the undersigned authority, Fred McShane, who, being by me duly sworn deposes and says that on the 8th day of November, 1922, at 10:30 o'clock a. m. in New Orleans, parish of Orleans, state of Louisiana, he delivered to F. M. Dancy, the defendant, in person, a true copy of this notice with a certified copy of the plaintiff's petition accompanying same; and, further, that he is an adult male, and is in no manner interested in this suit.          [Signed]   Fred McShane,"

—and sworn to before a notary public on November 8, 1922.

On February 13, 1923, at a regular term of the district court of Brewster county, judgment was entered in the cause of W. M. Waters v. Mariposa Mining Company, No. 1049, the judgment reciting that the plaintiff came "in person and by attorney and announced ready for trial, and the defendant came not, but made default in its behalf, and the court finds that the defendant has been duly and legally cited as required by law, and further finds from the testimony that the defendant is indebted to the plaintiff in the sum of $1,934.91, of date October 1, 1922, with interest thereon from October 1, 1922, at the rate of 6 per cent. per annum," and so entered judgment, and provided that the judgment should be for no more than can be made out of the assets of the defendant within the jurisdiction of the court, and levied on by the writ of attachment, and that no execution issue. The judgment recited the issuance of the

writ of attachment, its levy upon the two sections of land, describing same, and decreed the foreclosure of the attachment lien as it existed at the time of the levy, and directed that an order of sale be issued commanding the sale of said land, or so much as may be necessary to satisfy the judgment.

The order of sale was issued on the 24th day of March, 1923, as directed in the judgment, and return of the sheriff made thereon showing the receipt of the order of sale, the time of receiving it, and the manner of its execution. Without copying the return at length, we will simply say that return seems to be in good form, showing due advertisement for the sale of the two sections of land, and that, on the 1st day of May, 1923, in pursuance of the advertisement, the lands were sold at public sale to W. Van Sickle for the sum of $2,500, that being the highest secure bid for same; that same was paid and a deed executed, the deposition made of the proceeds of the sale, and the balance of $430.70 held subject to defendant in execution, "whose receipt for the same is herewith presented."

On July 18, 1923, the Mariposa Mining Company filed a motion in the case making W. Van Sickle a party therein, and praying that it have judgment setting aside and vacating the sale of said property, for cancellation of the sheriff's deed to W. Van Sickle, and for relief general and special. The motion is lengthy, but, briefly stated, it recites the facts of the judgment in favor of Waters, the order foreclosing the attachment lien on the two sections of land, and order of sale of said property, the issuance of the order of sale, the levy upon said property, and its sale to W. Van Sickle. It alleges that the sale of said property was without any notice whatever being given to it, the Mariposa Mining Company; that the property was sold for a grossly inadequate price. It recites the address as given of Dancy and Scattergood, its president and secretary and treasurer, respectively, in Waters' original petition, and the service on Dancy, the president of the defendant, as indicated in the notice, and alleges that the notice of the sale of the property was not mailed to defendant or either its president or secretary and treasurer to the addresses given, but that notice of the sale of the property was not given to the proper address of the defendant company, and that an improper address of defendant in Philadelphia was given by W. Van Sickle to which notice of said sale should be mailed, and that, by reason of said improper address, the notice of said sale was, by the post office authorities, returned to the sheriff prior to the sale of the property on May 1, 1923. The motion recites that at the time of the sale of said property W. Van Sickle was the owner of said judgment rendered in the cause; that the defendant company received information of the sale of the property several days after the sale was made, and forthwith made arrangements for Dancy, its president, to go to Alpine, Tex., and investigate the matter of the sale; that Dancy, upon investigation thereof, made a tender to W. Van Sickle of the amount of said judgment, interest, and costs which he refused to accept. The motion prays that notice of the motion be served on Waters; that W. Van Sickle be made a party therein, and be cited to appear and answer, and on a hearing for judgment setting aside and vacating said sale, and a cancellation of the sheriff's deed to W. Van Sickle, and for relief general and special.

On November 15, 1923, defendant company filed its verified amended motion to set aside the sale of said property, the matters therein stated being practically the same as in the original motion, and alleging in addition thereto that it had no notice of the sale of said lands, and said sale was not fairly and honestly made.

Waters and Van Sickle, on February 18, 1925, filed answer to said motion, consisting of demurrers, general and special, general denial, special denials; allege that the amount paid for said property at its sale is its full, fair, and reasonable value.

The defendant company filed a written tender of the purchase price paid by Van Sickle for said property at said sale, reciting in said tender that "it does here now pay into court said sum of money for the purpose of reimbursing and making whole the said W. Van Sickle by reason of purchase of said property."

On February 19, 1925, the matters pertaining to the motion were tried to a jury and submitted upon special issues. The issues submitted and the answers of the jury thereto are as follows:

"(1) Did W. Van Sickle furnish to E. E. Townsend, the sheriff, the address 1135 Real Estate Trust Building, Philadelphia, Pa., in good faith? Answer 'yes or no.'" The jury answered: "Yes."

"(2) Was the notice of sale mailed to the last address of the Mariposa Mining Company known to W. Van Sickle and W. M. Waters? Answer 'yes or no.'" The jury answered: "Yes."

"(3) Was the sheriff's sale, had May 1, 1923, fairly and honestly made? Answer 'yes or no.'" Answer: "Yes."

"(4) Was the price paid, $2,500, for the property sold and involved in this controversy grossly inadequate? Answer 'yes or no.'" Answer: "No."

The court entered judgment in all things confirming and validating the sale, removed cloud from title by reason of the claims of the Mariposa Mining Company, confirmed the title to the lands in W. Van Sickle free and clear of any claim of right, title, or interest in the defendant, the Mariposa Mining Company.

The defendant company filed a motion for

a new trial on February 21, 1925, and on March 4, 1925, filed its amended motion for a new trial, and to set aside the verdict of the jury on the special issues submitted, and the judgment rendered thereon and to grant it a new trial.

The court, on March 11, 1925, heard and overruled the amended motion, to which ruling defendant excepted and gave notice of appeal.

On August 18, 1925, the defendant, Mariposa Mining Company, filed its petition and bond for writ of error.

W. Van Sickle and W. M. Waters each acknowledged receipt of certified copy of petition for writ of error, acknowledged receipt of citation in error, and waived service and return of the citation, and entered their appearance.

### Opinion.

Plaintiff in error presents four propositions. Under the first it is submitted that the notice to serve plaintiff in error, a nonresident defendant, issued in the original suit of W. M. Waters v. The Mariposa Mining Company, is fatally defective, and any judgment based thereon is void, and can form no basis for the order of sale of the lands in controversy, nor the sale of the lands, nor the sheriff's deed to the lands, in that the notice to serve plaintiff in error in the said suit is not addressed to the defendant company, but is addressed to F. M. Dancy, president of defendant company, and said notice requires the said Dancy to appear at the time and place stated, and not the defendant company.

The second proposition insists that the return of said notice is insufficient to show service upon the defendant company in the original suit of Waters against the defendant company, and, therefore, insufficient to support the judgment rendered, the order of sale, the sale made, or the sheriff's deed to the said lands.

The third and fourth propositions make the contention that the original petition of Waters against the defendant company is subject to a general demurrer, and for that reason will not support the judgment rendered thereon.

The amended motion, filed November 15, 1923, upon which the judgment was rendered, from which this writ of error is prosecuted, reads as follows:

"W. M. Waters v. Mariposa Mining Company. No. 1049. In the District Court of Brewster County, Texas.

"To the Honorable Judge of Said Court:

"First. And now comes Mariposa Mining Company, defendant in the above entitled and numbered cause, and files this, its motion, amending motion filed in said cause on July 18, 1923, and respectfully moves the court to set aside the sale of real property hereinafter described, made by the sheriff of Brewster county, Tex., in this cause on May 1, 1923, and to cancel the deed to said property executed by said sheriff to W. Van Sickle, and for reason thereof shows to the court the following statement of fact:

"Second. That heretofore, to wit, on or about February 13, 1923, a judgment was rendered in said court in favor of W. M. Waters, plaintiff, and against this defendant, Mariposa Mining Company, for the sum of $1,934.91, with interest thereon from the 1st day of October, A. D. 1922, at the rate of 6 per cent. per annum and for costs of suit; and said judgment ordered the foreclosure of an attachment lien on the real property situated in Brewster county, Tex., described as follows, to wit:

| Section. | Block. | Grantee. | Acres. |
|---|---|---|---|
| 41 | G–12 | G., C. & S. F. Ry. Co. | 640 |
| 59 | G–12 | G., C. & S. F. Ry. Co. | 640 |

and ordered the said property sold to satisfy said judgment. That, for the purpose of carrying out the terms of said judgment, an order of sale was issued by the district clerk of Brewster county, Tex., on or about March 24, 1923, and said order of sale was duly placed in the hands of the sheriff of Brewster county, Tex., who levied on and sold said property on May 1, 1923, to W. Van Sickle for the sum of $2,500, and executed his deed for same in favor of said W. Van Sickle.

"Third. And the defendant, Mariposa Mining Company, here now alleges that said sale of said property was made without any notice whatever, being given to defendant, Mariposa Mining Company, and that said property was sold for a grossly inadequate price. Defendant alleges that in plaintiff's original petition on file in this cause the address and residence of F. M. Dancy, president of defendant, a corporation, is given as being 1332 Hibernia Bank Building, New Orleans, La., and that the address and residence of Frank Scattergood, the secretary and treasurer of defendant, a corporation, is given as being 1300 Weidner Building, Philadelphia, Pa., and defendant alleges that original service against said defendant, a corporation, was secured by delivering a notice of such suit to F. M. Dancy, the president of defendant, a corporation, in New Orleans, La., as shown by the 'notice to serve nonresident defendant' filed in said court on November 13, 1922. But that notice of such sale so advertised to be held on May 1, 1923, was not mailed to this defendant or its president to 1332 Hibernia Bank Building, New Orleans, La., or to its secretary and treasurer at 1300 Weidner Building, Philadelphia, Pa., but that notice of said sale was mailed by the sheriff of Brewster county, Tex., to 1135 Real Estate Trust Building, Philadelphia, Pa., which was not the address and domicile of the defendant; and defendant says that it is informed and believes that said address of 1135 Real Estate Trust Building, Philadelphia, Pa., was the address given by W. Van Sickle, the attorney for plaintiff, as being the address to which notice of sale should be mailed. Defendant alleges that said notice of sale was not delivered to this defendant, but that same was, by the post office authorities, returned to the sheriff of Brewster county, Tex., prior to May 1, 1923, the date on which said property was sold. That defendant did not know that said property was advertised for sale on May 1,

1923, and did not know of such sale for several days after same was made.

"Fourth. And defendant, Mariposa Mining Company, further alleges that said property, herein described, is of the reasonable value of $15,000 and that said property was sold for the sum of $2,500 and that such sale of such property for said sum of $2,500 was for a grossly inadequate price. That, had defendant known that said property was to be sold on said May 1, 1923, it would have been represented at such sale, and would not have permitted said property to have been sold for such a grossly inadequate price. And that defendant, Mariposa Mining Company, has been grossly damaged by reason of such sale.

"Fifth. That said property was sold to W. Van Sickle, attorney for plaintiff herein, and plaintiff alleges that said W. Van Sickle was not, at the time of such sale, the owner of the said judgment rendered in the cause, same having been transferred to the said W. Van Sickle by instrument in writing dated the 27th day of March, A. D. 1923, which instrument is duly recorded in volume 49, page 455, of the Deed Records of Brewster county, Tex., and defendant further alleges that, when said defendant received information of said sale, which said information was received several days after the sale was made, it forthwith made arrangements to investigate said sale, and instructed its president, F. M. Dancy, to go to Alpine, Tex., the county seat of Brewster county, where said sale was made, for the purpose of making such investigation. That, while the said F. M. Dancy was in Brewster county, Tex., and on or about the 23d day of June, A. D. 1923, the said F. M. Dancy, president of the defendant corporation, and for the defendant herein, tendered to the said W. Van Sickle the amount of judgment, interest, and costs of said cause, the said W. Van Sickle being, as aforesaid, the attorney for plaintiff in said cause, and the present owner of said judgment so rendered on February 13, 1925, and the purchaser of said property at sale made on May 1, 1923. That said W. Van Sickle refused to accept said amount so tendered, whereupon F. M. Dancy, president of defendant herein, and for defendant herein, offered to the said W. Van Sickle a bonus of $500 to reconvey said land herein described to the said defendant, Mariposa Mining Company, but the said W. Van Sickle refused to reconvey said land to this defendant for said bonus of $500, but then and there stated to F. M. Dancy, president of defendant, a corporation, that he would reconvey said property to defendant herein for a bonus of $10,000.

"Sixth. Defendant has not in its possession the deed from the sheriff of Brewster county to W. Van Sickle, nor the assignment and transfer of said judgment by W. M. Waters to said W. Van Sickle, but alleges that the said instruments are in the hands of W. M. Waters or W. Van Sickle, either or both of them, and here now serves notice on said W. M. Waters and W. Van Sickle, and each of them, to produce said instruments at the hearing of this motion, or defendant, Mariposa Mining Company, will introduce secondary evidence to prove same.

"Wherefore defendant, Mariposa Mining Company, prays the court that notice of this motion be duly served on W. M. Waters, defendant herein, and that W. Van Sickle be made a party hereto and be cited to appear and answer here-

in and that, on hearing hereof, it have judgment setting aside and vacating the sale of said property so made on May 1, A. D. 1923, and declaring same to be null and void and of no effect, and for cancellation of sheriff's deed to W. Van Sickle conveying said property, and for such other and further relief, special and general, in law and in equity, that it may be justly entitled to."

[1] There is no statement of facts or bills of exception in the record, but the judgment obtained by Waters and all of the proceedings in his suit are incorporated in the transcript. If the motion to set aside the sale and the trial thereon is to be considered as a mere continuation of the original suit, then the petition, process, judgment, and other proceedings in the original suit would probably constitute the record or judgment roll in the present proceeding, and thus properly in this transcript, in which event they are properly before this court and may be considered without a statement of facts. The usual practice in this state in a direct attack upon the validity of a judicial sale is an independent suit to set it aside. In such a suit the proceedings in the original action would certainly constitute no part of the record, unless offered in evidence, and could not be considered upon appeal, unless they were incorporated in a statement of facts.

It has been held that a party may apply by motion filed in the original suit to set aside an execution sale. Hansbro v. Blum, 3 Tex. Civ. App. 108, 22 S. W. 270. See, also, City of Vernon v. Montgomery (Tex. Civ. App.) 33 S. W. 606. Such procedure is but a direct action to set aside the sale. Whether the procedure be by motion filed in the original action or by an independent suit is a mere matter of form. What constitutes the record or judgment roll upon the proceeding to set aside the sale should not be controlled by a mere matter of form. We are of the opinion that the present proceeding was a direct action to set aside the sale, and the original judgment and prior proceeding in the original action constitute no part of the record or judgment roll of the present proceeding. This being true, the record in the original action cannot be considered in the absence of a statement of facts. The propositions advanced in the brief of plaintiff in error all involve a consideration of the record in the original suit, and, since such record is not properly before this court, the propositions submitted cannot be considered upon their merits. But, if same could be considered, the matter would present no error for the reason to be now stated.

[2] The motion filed by the plaintiff in error makes no attack whatever upon the judgment obtained by Waters. It was simply a motion to set aside the sale based upon an alleged failure to give proper notice thereof and gross inadequacy of price. The propositions submitted in the brief attack the va-

lidity of the original judgment. The attack is therefore plainly collateral. In fact, such propositions are entirely foreign to any issue presented by the motion.

[3] The judgment obtained by Waters recites:

"The court finds that the defendant has been duly and legally cited as required by law."

Ever since the decision in Treadway v. Eastburn, 57 Tex. 209, it has been the settled rule in this state that upon collateral attack of a judgment of a domestic court of general jurisdiction such a recital imports absolute verity, and the sufficiency of the process in the record cannot be considered for the purpose of impeaching the finding in the judgment upon the jurisdictional issue. Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151; Jameson v. O'Neal (Tex. Civ. App.) 145 S. W. 680; Landa, etc., v. Watkins (Tex. Civ. App.) 255 S. W. 775.

[4] If the judgment is silent as to service, or if it identifies the process upon which is based the finding of due service, then the process may be examined, and, if it affirmatively appear therefrom that jurisdiction did not attach, the judgment is void, and may be collaterally attacked. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370.

The recital in the judgment obtained by Waters brings this proceeding within the rule announced in Treadway v. Eastburn, and it cannot be collaterally attacked as is here attempted by the plaintiff in error.

For the reasons stated, the judgment is affirmed.