John S. Coffee v. P. T. Black.
</div>

1. Amending judgment.—An application to correct a miscalculation of interest in a judgment may be acted upon, on service of reasonable notice.  Notice of four days held reasonable notice.

2. Statute construed.—Article 51 of Paschal's Digest, providing for correction of miscalculation, misrecital, &c., in judgments, construed; and "reasonable notice," in said article, does not require five days, as in cases of citation.

APPEAL from Titus. Tried below before the Hon. B. T. Estes.

The facts are stated in the opinion.

*John S. Coffee,* appellant, cited Paschal's Dig., art. 1506; O'Connor *v.* Towns, 1 Tex., 109; Hyde *v.* White, 24 Tex., 141; Dickson *v.* Burke, 28 Tex., 117; Sayles' Prac., sec. 246, and note 9.

BONNER, ASSOCIATE JUSTICE.—At the Fall Term, 1877, of the District Court in and for the county of Titus, P. T. Black, plaintiff below, defendant in error in this court, recovered a personal judgment for the sum of $321.52, by default, against W. E. Moore; and also a judgment against him, E. H. Coffee, and the plaintiff in error, John S. Coffee, that a certain tract of land therein mentioned was subject to the vendor's lien to satisfy said amount.

Black, after the adjournment for the term, filed a motion to have a miscalculation in said judgment corrected, alleging that the same should have been for the sum of $392.50, instead of said sum of $321.52. Citation was duly issued on said motion on the 9th of March, 1878, returnable on the sixth Monday after the first Monday in February, 1878, being the 18th of March, 1878. The same was duly served on all the defendants on the 13th of March, 1878; and on the 21st of March thereafter—more than five days after the day of service of the motion, but less than five days after return day thereof—another judgment by default was rendered, correcting the original judgment.

Thomas S. Coffee sues out writ of error, and complains that the last judgment was improperly rendered, because he was not served with notice of the motion five days before the meeting of the court, as required in cases of original process.

As the motion was made after the rendition of the original judgment and after the end of the term, the defendants were

not presumed to be longer in court and cognizant of its proceedings, and it was proper that they should have notice of the same. (De Witt v. Monroe, 20 Tex., 289.)

Notice, however, was given, and the only question to be determined is whether it was served in time to authorize the judgment.

Service of original process in a suit is required to be made at least five days before the first day of the return term, exclusive of the days of service and return. (Paschal's Dig., art. 1506.) By article 51 an amendment of a miscalculation in a judgment is permitted after "reasonable notice." Other motions are permitted to be acted upon and summary judgment rendered after three days' notice. (Paschal's Dig., arts. 3781, 3786.)

We do not think that, on principle, the same indulgence should be granted the defendant on a motion to reform a mere clerical error in a judgment already rendered, as would be proper to prepare his defense in the first instance, and the statute seems to recognize this distinction.

There was no motion made to set aside the judgment by default, and it does not appear that the defendant has suffered any prejudice against his legal rights. Under the circumstances, we are of opinion that he had such reasonable notice as is required by the statute, and that the judgment should be affirmed. (Burke v. Thomson, 29 Tex., 158.)

JUDGMENT AFFIRMED.