## CLIFTON MERCANTILE CO. v. SUMMERS.
### (No. 331.)

(Court of Civil Appeals of Texas. Waco. March 18, 1926. Rehearing Denied April 22, 1926.)

**I. Dismissal and nonsuit ⬤⟳81(7)—Evidence held to show that president of plaintiff corporation acted under duress in ordering attorney. to have case dismissed.**

Evidence, on motion to set aside entry of dismissal, held to show that president of plaintiff corporation acted under duress in ordering attorney to have case dismissed from docket, in that defendant grasped president by collar, and threatened to cut his throat if case was not dismissed.

**2. Dismissal and nonsuit ⬤⟳81(5)—Plaintiff corporation, whose president ordered attorney to have case dismissed, when he was threatened with death if he did otherwise, should not be denied legal relief because attorney complied.**

Plaintiff corporation, whose president ordered attorney to have case dismissed, when threatened with death if it was not dismissed, should not be denied reinstatement of case because attorney complied instead of attempting to rescue president by some other means.

**3. Contracts ⬤⟳95(I).**

Actual duress of person is, between parties, sufficient ground for avoiding action induced or compelled thereby.

**4. Dismissal and nonsuit ⬅79.**

Dismissal of case in vacation, under Rev. St. 1925, art. 2089, ordered by plaintiff acting under duress, *held* voidable and not void.

**5. Dismissal and nonsuit ⬅81(4)—Defendant, who compelled plaintiff, by threat of instant death, to order case dismissed, held entitled to notice of filing of motion to set dismissal aside.**

Defendant, who compelled plaintiff, by threat of instant death, to order case dismissed, and who was furnished written evidence that his demand had been complied with, *held* entitled to notice of filing of motion to set dismissal aside.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by the Clifton Mercantile Company against Robert Summers, in which a dismissal was entered. From a judgment denying its motion to set aside such dismissal, plaintiff appeals. Reversed and remanded.

James M. Robertson, of Meridian, for appellant.

GALLAGHER, C. J. This suit was instituted in the county court of Bosque county by Clifton Mercantile Company, a corporation, appellant herein, against Robert Summers, appellee herein, on the 22d day of August, 1925, to recover on a promissory note in the sum of $220, with interest and attorney's fees. Citation was issued on the same day and made returnable to the October term of the court, which term began on October 19, 1925. On September 15, 1925, appellant's attorney requested the clerk of said court to enter a dismissal of said cause on the docket thereof, and such entry was made. The next day, September 16, 1925, appellant filed a motion in said cause asking the court to set said entry aside, alleging that the same had been authorized by appellant's president, O. C. Orbeck, under duress of force and threats of death. Said motion came on for hearing on October 20, 1925, the appearance day of said term. Said Orbeck and appellant's attorney both testified on such hearing. No other testimony was offered.

[1] The substance of such testimony was that said Orbeck and appellee came to the office of appellant's attorney together; that they and said attorney were the only persons present; that appellee asked Orbeck to dismiss this case and he declined to do so; that appellee drew a large pocketknife, opened it, grasped said Orbeck by the collar, and declared that he would then and there cut his throat if he did not instruct said attorney to go to the clerk of said court, have said clerk mark said case dismissed, and bring back a written statement signed by him that he had done so; that said Orbeck asked to be allowed to talk to said attorney privately, which request was refused; that said Or-

beck asked said attorney in the presence of appellee what to do and said attorney told him if he valued his life more than the $300 involved to do as appellee required; that appellee still insisted on his demand and said Orbeck instructed said attorney to comply therewith, and that said attorney did so; that he brought back to his office the written statement from the clerk to the effect that this case was dismissed; and that appellee took the same and turned Orbeck loose. Said Orbeck further testified that he ordered such dismissal because he believed appellee would kill him if he did not do so, and that the same day he ordered said attorney to file a motion to set said dismissal aside. Appellant's attorney testified that he would not have had said entry made on the docket if he had not believed that Orbeck would lose his life if he did not do so, and that there was no doubt in his mind that Orbeck would have been killed if he had not ordered the dismissal of this case. The court after hearing the evidence overruled said motion and declined to reinstate the case, from which action of the court this appeal is prosecuted. There is no appearance in this court for appellee. No findings of fact or conclusions of law appear in the record.

[2, 3] We think the testimony introduced by appellant was sufficient to show that its said president acted under duress in ordering said attorney to have this case dismissed from the docket of the court. According to Orbeck's testimony, appellee seized him and, with a dangerous or deadly weapon in his hand, demanded such action, and did not turn him loose until said demand was fully complied with. Appellant's attorney was acting under express instruction from its president in doing what he did do in the matter of having a dismissal of the case entered on the docket by the clerk. We do not think that the fact that said attorney was not under actual constraint at the time of the dismissal affects the character of such action. His client's president had been assaulted and was then held under threat of instant death if he did not have such dismissal entered. Failure to obey his specific instruction might have resulted in serious injury to said Orbeck or in his death at the hands of appellee. Appellant should not be denied any legal relief to which it may be entitled under such circumstances because its attorney did not violate his instructions and attempt to rescue said Orbeck from actual restraint and impending peril by some means other than compliance with appellee's demands. There is no question that actual duress of the person is between the parties sufficient ground for avoiding action induced or compelled thereby. The tendency of the courts is to enlarge the application of the doctrine and to make it in an increasing variety of cases a ground for affording relief

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against unlawful coercion. 9 R. C. L. p. 723, § 13; 10 Am. & Eng. Ency. of Law (2d Ed.) p. 324; Horton v. Reynolds, 8 Tex. 284, 291; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434, 437, and authorities there cited.

[4, 5] The dismissal under consideration was entered on the docket by the clerk prior to the return day in the citation, and was therefore as to this case at least a dismissal in vacation, such as is authorized by Revised Statutes 1925, art. 2089. The evidence showed that the clerk issued and signed a written statement that this case had been dismissed and that such statement was delivered to appellee as he demanded. Notwithstanding the dismissal of this case was ordered under duress, such action was voidable only and not absolutely void. 9 R. C. L. p. 725, § 15. However reprehensible the conduct of appellee as shown by the evidence may have been, he was furnished with written evidence that his demand had been complied with. The record does not show an appearance by him to the motion to set the dismissal aside; neither does it show the service upon him of any notice of said motion. We think under the facts in this case notice of the filing of such motion was required. De Witt v. Monroe, 20 Tex. 289, 293; Coffee v. Black, 50 Tex. 117, 118, 119; Seagraves v. Scarborough (Tex. Civ. App.) 190 S. W. 1154, 1155, 1156; Campbell v. Richards (Tex. Civ. App.) 233 S. W. 532, 533, 534.

The judgment of the trial court is reversed, and the cause is remanded.