## CLIFTON MERCANTILE CO. v. FIRST NAT. BANK OF MESQUITE.
### (No. 332.)

(Court of Civil Appeals of Texas. Waco. March 18, 1926. Rehearing Denied April 22, 1926.)

1. **Garnishment** ⊂⊃194—**Motion to set aside dismissal, entered prior to return term, could properly be heard at such term (Rev. St. 1925, art. 2089).**

Dismissal of garnishment suit prior to term to which writ was returnable was dismissal in vacation, under Rev. St. 1925, art. 2089, and motion to set aside could properly be heard at such term.

2. **Garnishment** ⊂⊃194—**Garnishee, who received written notice that both original case and garnishment proceeding had been dismissed, held entitled to notice of filing of motion to set aside dismissal.**

Garnishee, who received written notice that both original case and garnishment proceeding had been dismissed, held entitled to notice of filing of plaintiff's motion to set aside such dismissal, and opportunity to appear and contest it.

3. **Appeal and error** ⊂⊃1033(1)—**Garnishee cannot insist on affirmance of judgment denying motion to set aside dismissal of proceeding on ground of lack of notice of motion.**

Where court denied motion to set aside dismissal of garnishment proceeding, garnishee could not, on appeal, insist on affirmance on ground of lack of notice of filing of such motion.

Appeal from Bosque County Court; B. F. Word, Judge.

Suit in garnishment by the Clifton Mercantile Company against the First National Bank of Mesquite, garnishee, in which dismissal was entered. From a judgment denying plaintiff's motion to set aside such dismissal, it appeals. Reversed and remanded.

James M. Robertson, of Meridian, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

GALLAGHER, C. J. This is a companion case to Clifton Mercantile Co. v. Summers, 283 S. W. 203, this day decided. Appellant, Clifton Mercantile Company, on August 22, 1925, the day it instituted said original suit, filed therein its affidavit and bond in garnishment, alleging that First National Bank of Mesquite, appellee herein, was indebted to the defendant Summers. A writ of garnishment was issued at once and duly served on appellee. On August 24, 1925, appellee filed an answer in this cause, admitting that it was indebted to said defendant in the sum of $376.26. On September 15, 1925, the clerk of said court, at the request of appellant's attorney, entered a dismissal on the docket of both the original suit and this suit in garnishment, and delivered to said attorney a written statement that such entry had been made. This statement was delivered to said Summers under the circumstances set out in our opinion in the original case. Appellant on September 16, 1925, filed a motion to set aside said entry on the docket on the ground of duress. Said motion was heard on October 20, 1925, the appearance day of the October term of said court. Substantially the same evidence was introduced as in the hearing of a like motion in said original suit. Said evidence is set out in the opinion in that case, to which reference is here made. The court overruled the motion and his action in doing so is the only matter complained of in this appeal.

[1] Appellee has filed a brief in this case asking for an affirmance of the judgment of the trial court denying said motion. Two propositions are urged in support of its prayer for affirmance. The first proposition is that the dismissal was at a prior term of the court and that the same could not be set aside, except in an equitable action brought for that purpose. The record does not dis-

close whether the county court of Bosque county was in session on September 15, 1925, or not. The writ of garnishment in this case was made returnable on the 19th day of October, 1925, and recited that said date was the beginning of the next regular term of said court. The dismissal under consideration was therefore as to this case at least a dismissal by entry on the docket in vacation, as authorized by Revised Statutes 1925, art. 2089. This being an appearance case to said October term, we think the motion to set said dismissal aside and reinstate the case could be properly heard at such term.

[2, 3] The second proposition urged is that appellee was entitled to notice of the motion to set aside the dismissal. No appearance to said motion by appellee is shown by the record; neither is there any service of such motion shown thereby. Appellee has filed herein the affidavit of its president, showing that the written notice issued by the clerk stating that both the original case and this garnishment proceeding had been dismissed was presented to it and acted on by it, and that it had no notice of the filing of said motion, nor opportunity to contest the same, and that the first notice it had of any proceedings herein after the entry of such dismissal was the receipt of notice of the filing of the transcript by appellant in this court. Appellee was entitled to notice of the filing of said motion and an opportunity to appear and contest the same. Clifton Mercantile Co. v. Summers, supra, and authorities there cited. The judgment of the court denying said motion was, however, in favor of appellee, and it cannot properly insist on the affirmance thereof on the ground of its lack of notice.

The judgment of the court denying the motion to set aside said dismissal and reinstate the case on the docket is reversed, and the cause is remanded for another trial on such issue.