

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-1306
Re: Article 2089, Revised Civil
Statutes of Texas

Your request for opinion has been received by this department. We quote from your letter as follows:

"Reference is hereby made to opinion No. O-1144 Re: Is the county judge entitled to a $3.00 fee in a civil case where the plaintiff dismissed the suit in vacation before an answer is filed and pays the court costs?

"I understand that the law is that I shall furnish you a brief in connection with any opinion that I desire, and I will be frank to admit to you that the only law I have been able to find on this question is found in the above numbered opinion, which quotes statutory authority only. I have been unable, as your Mr. Wm. J. Fanning in the above numbered opinion, was unable to find a court decision on this question.

"A civil suit was filed in the County Court on July 16, 1938. Citation duly issued on the same date and the citations delivered to the Attorney of record for Plaintiff. This case was put on the Judge's docket at the August term 1938 and continued from term to term. The citation has not been returned. No answer has been filed by the defendant. On the 29th day of June, A. D., 1939, this suit was requested dismissed by the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

attorney of record for Plaintiff, and his request was granted and an order entered signed by the judge dismissing the case.

"The terms of the County Court of Taylor County begin on the third Monday of February, April, June, August, October and December. Each term continuing until the Saturday preceding the beginning of the next term. The county court of Taylor County is never in vacation but is always in session. All cases in which citation has been issued are placed on the Judge's docket for the ensuing term.

"(1) If one or more terms have passed and no service had on the defendant and no answer filed, can cause be dismissed (as in vacation) by the plaintiff without paying the fee to the County Judge for a final order of disposition?

"(2) If service has been had on the defendant, can the plaintiff, prior to the beginning of the term to which citation is returnable, and before answer is filed, dismiss cause without paying Judge's fee for final order?

"(3) If due service is had on the defendant but no action taken by the plaintiff at the term to which citation is returnable and no answer is filed by the defendant, can the plaintiff subsequently dismiss such cause (as in vacation) without paying the Judge's fee for final order?"

Article 2089, Revised Civil Statutes of Texas, reads as follows:

"The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein the defendant has not answered, on the payment of all costs that have accrued thereon."

15 Texas Jurisprudence, Dismissal, Discontinuance and Non-Suit, Section 8, pages 242-3, read as follows:

"'The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein

the defendant has not answered, on the pay-
ment of all costs that have accrued thereon.'

"This statute, which has been in effect
with little modification since very early
times, gives to the plaintiff, upon payment
of costs, an unqualified right, if the defen-
dant has not answered, to dismiss the suit,
without any action of the judge. No order of
court is necessary. When an answer has been fil-
ed the suit may not be dismissed in vacation,
even by entry on the docket and payment of
costs.

"As we have seen in an earlier article,
the entry of a dismissal by an attorney is
presumed to be authorized. The following entry
has therefore been held to be sufficient al-
though the statute states that the 'plaintiff
may enter a discontinuance on the docket.':

"'On the ___ day of _____, in vacation,
the defendants _____, not having answered
herein, the plaintiffs _____ enter this
their discontinuance and dismissal of this
suit; all costs that have accrued having been
paid by plaintiffs.

                          _____
                          Attys. for Plaintiffs.'"

The term "vacation" has been defined in many
manners by the courts. We quote from 66 Corpus Juris, Sec-
tion 5, pages 393-4, as follows:

"It has been said that the word does not
have a fixed and definite, or a well ascer-
tained, fixed, single, unvarying, technical
meaning, but that, when determining the mean-
ing of the word in legislation relating to the
courts, must depends upon the purpose, scope,
subject matter, and the necessity, or the sur-
rounding circumstances, of the law in which the word
is used....In its legal or strict technical

sense, and in relating to courts, the word
has been defined as meaning all the time,
or that period of time, between the end of
one term and the beginning of another; the
interim commencing immediately after one
term and ending at the commencing of the
next; the time between terms. The word has
been described as the correlative of "term";
and it has been said that as a general rule,
vacation imports absence of power; and oper-
ates as a suspension of all contentious
business except as regards injunctions and
matters of urgency."

We call your attention to the case of Accousi vs.
Stowers, 83 SW 1104-5, wherein the following language is
used:

"The very meaning of the term 'vacation',
as applied to a court, imports an absence of
power to render judgment or grant interlocu-
tory judicial orders. It means 'a vacation;
a making void; intermission of a stated em-
ployment.'" (Underscoring ours)

We call your attention to the case of Cornelius
vs. Early, 24 SW (2d) 759, where the following language
is used:

"Plaintiff did not undertake to dismiss the
case in vacation and before appearance day as
he might have done under R. S. 1925, Art. 2089,
without an order of court. The motion to dis-
miss was made after a part of the defendants
answered and after appearance day." (Under-
scoring ours) (In this case the defendant was
cited to appear)

The case of Clifton Mercantile Co. vs. First
National Bank of Mesquit i, (Tex. Civ. App.) 283 SW 205
holds that a dismissal of a garnishment suit prior to
term to which writ was returnable was dismissal in
vacation. We quote from said case as follows:

"The first proposition is that the

dismissal was at a prior term of the court and that the same could not be set aside, except in an equitable action brought for that purpose. The record does not disclose whether the county court of Bosque County was in session on September 15th, 1925, or not. The writ of garnishment in this case was made returnable on the 19th day of October, 1925, and recited that said date was the beginning of the next regular term of said court. The dismissal under consideration was therefore as to this case at least a dismissal by entry on the docket in vacation, as authorized by Revised Civil Statutes 1925, Art. 2089. This being an appearance case to said October term, we think the motion to set said dismissal aside and reinstate the case could be properly heard at such term." (Underscoring ours)

On November 4th, 1927, this department in an opinion written by Hon. H. Grady Chandler, Assistant Attorney General, addressed to Hon. Nat Benton, passed upon a question similar to the question raised in your letter. We quote from this opinion as follows:

"You are advised that Article 2089 provides for discontinuance of a suit on the docket in vacation. Under this statute, the plaintiff or his attorney, may before the term of court to which the suit is returnable make a notation on the file docket that the same is dismissed and pay all costs accrued up to this time. In such cases, it is not necessary for the judge to make any order and, therefore, the case is not finally disposed of by the judge, and, of course, he is not entitled to any fee.

"Therefore, you are advised that my letter of June 14th, 1927, intended to apply only to cases that were dismissed at a term of the court by the judge, and was not intended to apply to cases dismissed under Article 2089. Of course, after a term of court opens, the plaintiff does not have authority to dismiss by virtue of Article 2089, and the case can only be dismissed by the judge, and it

is in such cases that the judge where he actually entered the order dismissing the case that he is entitled to receive the fee provided for by Article 2936." (Underscoring ours.)

We enclose herewith a copy of Opinion No. 0-1144 of this department.

The authorities upon these questions are meager. We have had considerable difficulty in answering these questions. However, it is the opinion of this department that it was the intention of the Legislature in passing Article 2089, supra, to provide a simple, expeditious and inexpensive method whereby a plaintiff could dismiss his suit under the conditions outlined by said article without the necessity of securing a judgment of dismissal from the court. We feel that this statute should be construed in such manner as to give effect to the evident intention of the Legislature.

We are therefore of the opinion that your first and second questions should be answered in the affirmative.

With reference to your third question, under the facts stated therein, you are respectfully advised that during term time the dismissal must be made by the County Judge and that the discontinuance on the docket by plaintiff may be made at such time, if any, as is not "term time" of the court.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

NOV 1, 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN