S. T. HOOKER v. J. G. WILLIAMSON.

(Case No. 1114.)

1. PLEADING.— Under a well settled rule of practice, exceptions to pleading on which no ruling is sought from the district judge will be regarded on appeal as waived.

2. AWARD.— While an award of arbitrators may be binding, though a ministerial authority be reserved therein to be thereafter exercised, such as the correction of errors of computation apparent from the award itself, yet if on its face it contains the declaration by the arbitrators that they will correct " any errors that may be discovered," it is void.

3. JUDGMENT.— The district court has full control of its judgments until the close of the term, and may of its own motion set aside or reform the same.

APPEAL from Panola. Tried below before the Hon. A. J. Booty. ·

Suit brought by Hooker against Williamson to recover the amount awarded to him by arbitrators on a common law award.

Williamson, by his answer, asserted various objections and reconvened, setting up all the matters of difference between them growing out of the purchase and running of a farm together as partners.

Hooker, by supplemental petitions, after setting forth the agreement to arbitrate, and also the award, set up all the matters of difference growing out of the partnership.

To this Williamson demurred generally and specially; the ground of the special demurrer was that the award was void upon its face for the want of finality.

Upon the trial, the special demurrer was sustained, and the parties went to trial upon their pleadings, asserting the various items of account, credits, etc., as each claimed them to be. The court (the case being tried without a jury) rendered judgment for Williamson for the sum of $22.75 and costs.

Hooker filed a motion for new trial; also a motion to reform the judgment. On the hearing of the latter motion the court reformed the judgment by rendering the same against Hooker for $100.74, and at the same time overruled the motion for a new trial. Hooker appealed and assigned errors.

*Drury Field*, for appellant.

*Robertson & Finley*, for appellee.

WATTS, J. COM. APP.— It does not appear that appellant's exceptions to appellee's answer were ever called to the attention of the court, or that any action was had by the court with respect to the same. Then, under the settled rules of practice, these exceptions must be considered as waived.

The next objection to the judgment grows out of the ruling of the court sustaining exceptions to so much of the petition and amendments as set up the award as a basis for recovery.

The arbitrators appended to their award, and as part thereof, the following: "We agree to correct any error that may be discovered in this settlement." It is claimed, and was so held by the court below, that this was a reservation of judicial authority to be exercised thereafter by the arbitrators, and that this rendered the award a nullity.

All the authorities concur that one of the essential requisites of a

valid award is, that it must finally determine all the matters embraced in it, otherwise it is void. Wait's Actions and Defenses, vol. 5, p. 542.

It is said in Morse on Arbitration and Award: "An award will be bad for want of finality if it leaves any act of a judicial nature to be done in the future. It is matter of indifference whether such act is to be done by a party to the submission, by a stranger, or even by the arbitrators themselves. The award must, as a decision, be complete in every part and upon every point, and must be in this perfect shape once for all."

It is said that an award is in the nature of a judgment, and that it must ascertain and decide as to the matters submitted, so as to conclude any further controversy about the matter; that this result is the very object of the submission, and if this result is not secured the award is void. Patton v. Baird, 7 Ired. Eq., 255; McCrary v. Harrison, 36 Ala., 577.

There is this distinction recognized by the authorities: that while the arbitrators cannot reserve judicial authority to be exercised in future, that under certain circumstances they may reserve a ministerial authority to be thereafter exercised without vitiating the award.

If the reservation had been to correct errors of computation apparent from the award, then perhaps that would not have rendered the award void. But here the reservation is to correct any errors that might be discovered in the award. That certainly includes the reservation of judicial authority, as errors might be discovered in the award, the correction of which would require the exercise of judgment and discretion. Therefore the court did not err in holding the award void upon its face.

Taken together the other errors assigned amount to an objection to the finding of the court upon each separate item in the accounts of the parties. It is a sufficient answer to these objections, that the testimony upon the controverted items was conflicting. That is, appellant and appellee testified directly to the contrary. And it is immaterial what induced the court below to give credit to the statements of the one or the other; the findings being supported by the evidence, for the purposes of this appeal, will be considered conclusive.

As to the item allowed appellee for superintending the farm, the appellant testified that appellee had agreed to do this without compensation. This appellee emphatically denied. It is now claimed that one partner is not entitled to compensation for time and attention devoted to the firm business, without an agreement to that

effect. But conceding that to be the general rule applicable to partnerships, that existing between these parties was not an ordinary partnership, like those pertaining to trade and the professions, where, in the absence of an agreement upon that subject, each partner is presumed to devote his time and attention to the common business. It only embraced the purchase and running of a farm; and if one partner in such case should, at the instance of the other, devote his time and attention to the farm, while the other was devoting his attention to his individual business, we have no doubt but that the law would imply a promise that the former should have compensation for his services.

Until the adjournment of the term the court had full control over the judgment, and could upon its own motion have set aside or reformed the same according to the justice of the case. And it was not error for the court, in acting upon appellant's motion to reform the judgment, to correct an error discovered by the court, even though it should result in increasing the amount adjudged against the appellant.

Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted December 14, 1883.]