# NOVEMBER, 1933

L. C. Turman v. Beryl Turman.

No. 6142.   Decided November 1, 1933.
(64 S. W., 2d Series, 137.)

*Rufus S. Garrett,* of Fort Worth, for appellant.

The judgment of dismissal rendered in the suit at bar terminated the court's jurisdiction of the suit. After rendition of that judgment, no further action could be taken in the suit until after said judgment had been vacated. Combs v. Deaton, 199 Ky., 477, 251 S. W., 638; Mason v. Kansas City, etc. Ry. Co., 226 Mo., 212, 26 L. R. A. (N. S.) 914; 18 C. J., 1171.

The judgment of dismissal construed with the contract executed between the parties and of which it is a part, is a judgment of dismissal on the merits; and is equivalent to a judgment *retraxit* at common law. Jarboe v. Smith, 49 Ky. (10 B. Mon.) 257; United States v. Parker, 120 U. S., 89; Jacobs v. Marks, 182 U. S., 583; Townsend v. Scurlock, 44 Texas Civ. App., 141, writ of error refused, 101 Texas, 664.

A consent judgment is construed as a contract. Missouri, K. & T. Ry. Co. v. State (Civ. App.), 275 S. W., 673; Tyner v. City of Port Arthur, 115 Texas, 310, 280 S. W., 523; Scaling v. Williams (Civ. App.), 284 S. W., 310; Wilson v. Haber, 266 Fed., 267.

*Jesse E. Martin, Cal Estill* and *Cantey, Hanger & McMahon,* all of Fort Worth, for appellee.

A trial court has absolute control over its judgments and orders during the term at which they were entered and inherent power to set aside, modify or reform them, without notice, as justice may require while the term lasts. Parnell v. Barron (Civ. App.), 261 S. W., 529; Fox v. First Natl. Bank of Houston (Civ. App.), 23 S. W. (2d) 888; Cohen v. Moore, 101 Texas, 45, 104 S. W., 1053; Brannon v. Wilson, 260 S. W., 201.

The order of dismissal is formal and is not upon the merits and is not with prejudice. Scherff v. Missouri Pac. Ry. Co., 81 Texas, 471; Harter v. Curry, 101 Texas, 187; Jackson v. Guaranty State Bank (Civ. App.), 266 S. W., 831.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Sixth Supreme Judicial District certifies the following statement and questions:

"In the above cause pending on appeal before this court we deem it advisable to certify to your Honors for adjudication the questions of law which will be herein specifically set forth.

I.

"On September 1, 1930, the appellee filed suit in the district court of Tarrant County for divorce and asking for custody of the two children of the age of five and seven years, respectively, and for division of the common property of the marriage. Citation was issued and served upon the defendant on September 2, 1930. He was also served on September 2nd with an order restraining him from disposing of or removing any common property beyond the jurisdiction of the court. He was further served with an order requiring him to file by or before September 23, 1930, an inventory of all the estate of the parties. The citation in the case was returnable for appearance and answer of the defendant (under Section 12 of Article 2092) on September 29, 1930.

"On September 19, 1930, the court allowed and there was spread upon the minutes the following order:

" 'Beryl Turman

No. 88179 v.                    September 19, A. D. 1930.

" 'L. C. Turman

" 'Upon application therefor by the plaintiff in the above styled and numbered cause it is hereby ordered by the Court that the same be and is hereby dismissed at the cost of the plaintiff, and that the defendant recover of and from the plaintiff all cost in this behalf expended.'

"The plaintiff then promptly paid all the costs accrued to the date of the dismissal. On September 25, 1930, the following order, omitting formal parts, was granted by the court and entered reinstating the case:

" 'This September 25, 1930, came on to be heard the motion of the plaintiff Beryl Turman, (filed September 25, 1930) in the above styled and numbered cause, praying that the order of the court heretofore entered in this cause dismissing said cause be set aside and that the said cause be reinstated upon the docket of this court, (here follows statements set out in motion); and the court having heard and considered said motion is of the opinion that the same should be granted; It is therefore ordered, adjudged and decreed by the Court that the order heretofore entered on September 19, 1930, dismissing said cause be and the same is hereby set aside and that such

cause be and the same is hereby reinstated and the clerk of this court is ordered and directed to reenter and reinstate said case of Beryl Turman v. L. C. Turman, No. 88179, on the docket of this Court. It is further ordered and decreed that the injunction heretofore granted (here follows terms thereof and renewal). It is further ordered, adjudged, and decreed by the Court that the costs of this motion be in all things adjudged against the defendant L. C. Turman.'

"The plaintiff on September 25, 1930, filed an amended petition and on October 2, 1930, filed a second amended petition. The case was then called for trial on October 2, 1930, and a final decree was entered granting plaintiff a divorce, awarding her the custody of the two children and making division of the estate of the parties. There was no appearance made by the defendant in the trial of October 2, 1930, nor had he filed any answer in the suit. It is admitted as a fact that no new summons was issued and served on the defendant. The regular term of the court ended by law on October 4, 1930. At the succeeding term of the court beginning on the first Monday in October, 1930, a motion was filed by an attorney appearing solely as amicus curiae in the aim and purpose to vacate the decree of October 2, 1930, setting up as grounds therefor, in substance, that the court lacked jurisdiction over the person of the defendant because the defendant had not appeared in the suit or filed an answer and had not been served with summons or given notice of the reinstatement of the cause or of the amended petitons. The defendant also, on October 11, 1930, appeared by attorney and filed a motion in the aim and purpose to have the decree of October 2nd vacated and a new trial granted, setting up as ground therefor that no summons was served on him or any notice given of the reinstatement of the cause or of the amended petitions, and further, that the evidence did not support the judgment rendered. The plaintiff on October 13, 1930, filed a motion to have the decree of October 2nd modified insofar as respects the correction of the manner of division of á certain portion of the personal property of the estate. On December 17, 1930, the court consolidated, and heard and adjudged as one entire judgment, 'plaintiff's motion for modification of the judgment herein rendered on October 2, 1930, and the defendant's second motion for new trial.' The defendant excepted to the judgment and the overruling of his motion and gave notice of appeal.

## II.

"The dismissal was asked by the plaintiff in the aim and purpose of a reconciliation and adjustment of differences be-

tween her and her husband, overtures of peace having been made by the husband. The efforts at reconciliation failing, the plaintiff applied for and obtained reinstatement of the cause.

"It was proven that the reinstatement of the cause was made and the decree of October 2nd was entered, the one and the other, each without process or summons served on the defendant and without any form of notice given to him and without his appearance or answer, and without his knowledge.

"The trial court made no distinct findings of fact and conclusions of law, except there appears in the order of the court of date December 17, 1930, certain recitals of conclusions of facts of which are the following: 'The procurement of the order of dismissal of September 19th was by defendant in contemplation of his departure and removal of the property and children on September 28th and in fraud of plaintiff's rights, and of the court' and 'Defendant had actual notice before he left the state on September 22nd that plaintiff would proceed to have said cause reinstated.'

"It appears that the defendant on September 22nd, after the failure of the efforts at reconciliation, left the state, taking with him the two children, and the money in the bank and certain stocks and bonds of the community estate. He appears to have remained out of the state until sometime in October, inferably about October 11th.

"This court in decision of the appeal held as a matter of law that the defendant was entitled to due notice of the order of reinstatement of the cause before trial or decree upon the merits, and that the decree of October 2nd was void for lack of such summons or notice. This court further concluded as a matter of law that the fact of fraudulent conduct on the part of plaintiff would make for 'good cause' for reinstatement of the cause, but notice nevertheless would have to be given of the reinstatement, for fraud would not dispense with the giving of notice.

"This court declined to approve and adopt the trial court's finding of fact that the defendant had actual notice of the order made of reinstatement of the cause. This court concluded that the evidence from which the notice to defendant was to be inferred was equivocal and not reasonably furnishing definite information and because thereof was, as a matter of pure fact, 'not of weight and sufficiency to sustain the finding of actual notice on the part of the defendant that the suit had been reinstated for trial before the hearing of the cause and the entry of the decree of October 2, 1930.' We adhere to and do not withdraw that conclusion of fact, made as such.

## III.

"Question 1: Answer whether or not in the circumstances it was legally essential to the validity of the decree of October 2nd that the defendant should have been served with process or summons or given some form of due notice of the order entered vacating the dismissal order and reinstating the cause for trial.

"Question 2: Answer whether or not such process or summons should have been served on defendant or some form of due notice be given him at the time of the filing of the motion or application for or at the time of the entry of the order of vacation of the dismissal order and for the reinstatement of the cause for trial.

"The appellant contends that summons or due notice should have been given to the defendant at the time of the filing of the motion or application to have vacated the order of dismissal and for the reinstatement of the cause for trial. The appellee contends that the application of the plaintiff for vacation of the dismissal order and for the reinstatement of the cause for trial and the trial of the case on the merits, as done on October 2nd, could all be legally heard and determined by the court without new summons and without any notice to the defendant, the proceedings all being at the same term of court at which the dismissal order was entered.

"This court held that the defendant in the circumstances was legally entitled to be served with process or summons or given some form of due notice of the order entered vacating the dismissal order and reinstating the cause for trial, and failure to give such summons or notice rendered void, as being a judgment without notice, the hearing of the cause on the merits and the decree of October 2nd.

"Question 3: Did this court err in its conclusion of law that in the circumstances stated the decree of October 2, 1930, was void upon the ground that the defendant had no notice of the reinstatement of the cause for trial or of the hearing of the cause on the merits on October 2nd?"

### OPINION.

■ The statute provides that a non-suit may be taken, upon trial, at any time before the jury has retired or before the judge announces his decision on the merits, when the adverse party has made no claim for affirmative relief, or in so far as the granting of the non-suit will not prejudice the adversary's right to be heard on his claim for affirmative relief (Art. 2182, Rev. Stat., 1925; Hoodless v. Winter, 80 Texas, 638, 16 S. W., 427; Watson v. Cobb Grain Co. (Com. App.), 292 S. W., 174;

15 Tex. Jur.); also that the plaintiff may, in vacation, enter a discontinuance of any suit wherein the defendant has not answered, on the payment of all costs tht have accrued therein (Art. 2089, Rev. Stat., 1925; Hill v. Patterson (Civ. App.), 191 S. W., 621; Williams v. Williams (Civ. App.), 38 S. W., 261; 15 Tex. Jur., 242.

■ Citation herein was returnable for appearance and answer of defendant, on September 29, 1930, and he was therefore not required to answer before then; the dismissal was entered on September 19, 1930, and ended the case. "The statement of the plaintiff that he desired to take a non-suit, when accepted by the court, legally speaking, was a discharge of the defendant from the suit of the plaintiff. * * * The suit ceased to have any legal existence and the defendant was at liberty to go at his will," as said by Judge Short, in Watson v. Cobb Grain Co. (Com. App.), 292 S. W., 174.

Therefore, under ordinary circumstances, and as long as the dismissal was effective, the defendant was not required to further concern himself with the case.

■ It is true that a court has control of its judgments until the end of the term at which they are entered, or until, they become final under special statutory provisions. Wear v. McCallum, 119 Texas, 473 33 S. W. (2d) 723; Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Dittman v. Model Baking Co. (Com. App.), 271 S. W., 75; 25 Tex. Jur., 545. But the plaintiff may voluntarily take non-suit or enter dismissal, at any time, as stated above, and the order thereon is a final judgment. Eddleman v. McGlathery, 74 Texas, 280, 11 S. W., 1100. And such final judgment is ordinarily governed by the general rule as to its being set aside.

The certificate of the Court of Civil Appeals states that the dismissal was asked by the plaintiff in the aim and purpose of a reconciliation and adjustment of differences between her and her husband, overtures of peace having been made by the husband, and the reinstatement of the cause as well as the judgment of October 2d, each was entered without process or summons served on him and without any form of notice given to him and without his appearance or answer and without his knowledge.

The dismissal was voluntary and for the purpose of placing the parties on an equality, in their efforts to effect a reconciliation, unhampered by any litigation between them.

■ The dismissal was a factor in the efforts at reconciliation

and in connection therewith. To that extent it was a consent decree and would remain in effect until properly set aside. Of course, if the husband procured the wife's dismissal of the suit, through fraudulent conduct, that would be good ground to set it aside, but the defendant was entitled to notice of such charge.

As said in Stephenson v. Gaines (Civ. App.), 291 S. W., 602, approved by the Commission of Appeals, 298 S. W., 401, "A judgment of non-suit or of dismissal assumes a deeper significance and a far wider effect when it is based upon an agreement of the parties and in such case must be considered and construed in connection with that agreement."

Judgments by consent are governed by the rules applicable to contracts in general. Tyner v. City of Port Arthur, 115 Texas, 310, 280 S. W., 523; 25 Tex. Jur., 388.

██ The rule as to involuntary dismissals, is that where a court has dismissed the case, not at the request of the plaintiff, but because of want of jurisdiction, defective pleadings, defective process, failure of plaintiff to prosecute or appear, the dismissal may be set aside at the same term at which rendered without notice to the defendant. Carlton v. Miller (Civ. App.), 21 S. W., 697. The same rule, of course, obtains as to judgments rendered in trials on the merits. Hooker v. Williamson, 60 Texas, 524. But as to a voluntary dismissal, relied on by the defendant, we understand the rule to be as stated in Clifton Mercantile Co. v. Summers (Civ. App.), 283 S. W., 203, and Clifton Mercantile Co. v. Bank (Civ. App.), 283 S. W., 205, that the defendant is entitled to notice of filing motion to set aside the dismissal. In the first of these cases the facts were: The plaintiff company having filed suit against the defendant, Summers, on August 22, 1925, to recover on a promissory note, citation issued returnable to the October term of the court which began on October 19, 1925. On September 15, 1925, the plaintiff's attorney requested the clerk of the court to enter a dismissal of the cause on the docket, and such entry was made. The next day, the plaintiff filed motion to set aside the dismissal on the ground that the same had been obtained under duress of force and threats of death. When entered, the defendant obtained from the clerk of the court a written statement that the case had been dismissed.

The motion for reinstatement came on for hearing on October 20, 1925, the appearance day of said term, and was overruled after the president of plaintiff company and his attorney had testified. No notice of said motion was served on

defendant and he made no appearance thereto.

The Court of Civil Appeals held in that case, that however reprehensible the defendant's conduct may have been, he was entitled to notice of the filing of the motion to set aside the dismissal. So, in the instant case, notice of the motion, to set aside the dismissal for certain reasons therein stated, involving questions of fact, should have been given the defendant. The reasons alleged were perhaps sufficient, if proven, to set aside the dismissal, but defendant without notice thereof had no opportunity of defending against the charges. Whether he could have successfully resisted the motion is not the question, his rights were being adjudicated and he had the right to be notified and then heard by the court making such adjudication.

The weight of authority is that, under such circumstances, notice must be given so that defendant may have an opportunity to be heard. 18 C. J., 1210; 14 Cyc., 460.

The holdings in Williams v. Huling, 43 Texas, 113, and Parnell v. Barron (Civ. App.), 261 S. W., 529, are not in conflict with our views, above stated. Those were cases, dismissed for want of prosecution and not cases of voluntary dismissals. The difference is obvious.

We have concluded that Questions Nos. 1 and 2 should be answered in the affirmative and Question No. 3 in the negative, and so recommend.

It is suggested by appellee that even if some character of notice was necessary and the entry of the judgment of October 2 was error, the judgment of December 17, 1930, did justice between the parties, and was a new or modified judgment rendered on hearing with appellant's counsel present and refusing to offer any evidence, after he had filed motion for new trial.

■ In answering certified questions, the Supreme Court is confined to a consideration of the questions submitted in the certificate of the Court of Civil Appeals (Slater v. Ellis Co. Levee Imp. Dist., 120 Texas, 281, 36 S. W. (2d) 1014) and therefore we do not pass upon that contention, but only upon the questions certified.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.