## BEAM v. SOUTHWESTERN BELL TEL. CO. et al.

### No. 2452.

Court of Civil Appeals of Texas. Waco.

July 9, 1942.

Rehearing Denied Sept. 24, 1942.

Fitzpatrick & Dunnam, of Waco, for appellant.

John H. Bickett, Jr., and C. M. Means, both of Dallas, Sleeper, Boynton & Kendall, of Waco, and E. G. Moseley, Asst. Dist. Atty., Clinton Foshee, and Robert Ogden, all of Dallas, for appellees.

HALE, Justice.

Mrs. Maude Beam, individually and as next friend for her minor daughter, Edith Beam, sued Southwestern Bell Telephone Company and B. T. Beam for the recovery of certain sums of money alleged to be due under the terms of a written contract and decree of divorce. The contract contained an assignment to Mrs. Beam of a portion of the wages to be earned by her husband in his employment with the Telephone Company. The later decree of divorce did not contain such assignment, but required Mr. Beam to pay a portion of his future wages directly into the registry of the court for the use and benefit of Mrs. Beam and her daughter. The Telephone Company was not a party to the contract or divorce decree. The present case was tried before the court below without a jury and resulted in judgment of $779.94 for the plaintiff as against the defendant Beam, but against the plaintiff insofar as the Telephone Company was concerned. The plaintiff and defendant Beam each excepted to the judgment and gave notice of appeal, but only the plaintiff perfected appeal.

Mrs. Beam contends that the judgment denying her any recovery herein against the Telephone Company should be reversed. She says, among other things, since the Telephone Company was not a party to the divorce decree, the trial court erred in concluding: (1) that the wage assignment in the contract was merged into the final decree of divorce; (2) that such decree should be construed as a novation of the original contract by substitution of the parties; and (3) that the Telephone Company could avail itself of a plea of estoppel based upon her conduct in accepting payments under said decree. She also complains of the finding of the trial court to the effect that the terms of the verbal contract of hire between the Telephone Company and B. T. Beam prohibited the assignment by the latter of all or any part of his wages and says the evidence, if any, upon which such finding rests was hearsay, incompetent and inadmissible. Mr. Beam contends as the basis for his attempted appeal that since the judgment against him herein is grounded

solely upon the prior decree of divorce, it should be reversed because the decree, insofar as it attempted to grant a personal money judgment against him, was void for want of definiteness.

On September 3, 1937, Mrs. Beam instituted suit against her husband for divorce, for the custody and support of their daughter Edith who was then 13 years of age, and for a division of their community property. On the next day the parties executed and acknowledged a written contract in contemplation of divorce and a property settlement, by the terms of which it was agreed, in substance, that Mrs. Beam should have the custody of their minor daughter, Mr. Beam would pay to Mrs. Beam a sum equal to 33⅓ per cent of his salary for the maintenance and support of herself and the child for a period of six years, and thereafter he would pay a sum equal to 20 per cent of his salary during the remainder of the lifetime of Mrs. Beam, or until she should again marry; that "B. T. Beam does hereby bind and obligate himself to pay said above mentioned sums out of the salary and/or wages that he is receiving from the Southwestern Bell Telephone Company, or any other person, firm or corporation by whom he may be employed, * * * and the said B. T. Beam does hereby and by these presents transfer, sell, convey and assign unto the plaintiff, Mrs. Maude Beam, said above sums of money, and said Southwestern Bell Telephone Company and/or any other person, firm or corporation by whom the said defendant, B. T. Beam, may be employed, is hereby authorized to pay the same directly to the said plaintiff, Mrs. Maude Beam, this instrument being authority therefor"; and that the contract "constitutes a full and complete settlement of the rights of said parties in and to the community property of the plaintiff and defendant, and that subject to the approval of the court this agreement shall be incorporated in the judgment to be entered in this cause, when and if said divorce is granted."

On September 23, 1937, the attorney for Mrs. Beam addressed a letter to a proper representative of the Telephone Company enclosing a signed copy of the contract, advising that it was the desire of both parties that the Telephone Company pay to Mrs. Beam direct out of Mr. Beam's salary the amount specified in the agreement, requesting that the matter be discussed with the proper officers of the Telephone Company and that he be advised as to the attitude of the company with respect thereto. The Telephone Company did not reply to this letter and it does not appear that there was any further attempted communication between Mrs. Beam or her attorney and the Telephone Company until sometime in the year 1940 shortly prior to the institution of this suit.

On October 7, 1937, a consent decree was entered in the divorce suit in which reference was made in general terms to the settlement agreement between the parties and it was therein decreed that "said agreement be and the same is hereby in all things approved"; that Mrs. Beam recover a full and complete divorce; that the care and custody of Edith Beam be awarded to her mother; that "the defendant, B. T. Beam, be and he is hereby directed to pay into the registry of this court, subject to the order of the plaintiff, Mrs. Maude Beam, for the use and benefit of herself and for the maintenance and support of said minor, Edith Beam, a sum equal to 33⅓ per cent of the defendant's salary per month for the definite and fixed period of six years from and after October 5, 1937"; that "the defendant, B. T. Beam, be and he is hereby directed to pay into the registry of this court," after the expiration of the six-year period aforesaid, a sum of money equal to 20 per cent of his salary during the lifetime of Mrs. Beam or until such time as she should again marry; that "said above mentioned sums of money directed to be paid out of the salary and wages of said defendant, B. T. Beam, are hereby directed to be paid out of the salary and wages that said defendant is receiving from the Southwestern Bell Telephone Company or any other person, firm or corporation by whom said defendant may be employed"; and that "this judgment constitutes a full and complete settlement of the rights of said respective parties, plaintiff and defendant, in and to their community property." This decree became a final judgment.

After the entry of the divorce decree, Mr. Beam continued to collect from the Telephone Company the full amount of his salary and he made payments therefrom into the registry of the court as required by the decree until sometime in the spring of 1938 when, by mutual agreement with Mrs. Beam, he began making the payments to her direct and he continued thereafter to make such payments directly and regular-

ly to her until their daughter became 16 years of age. On October 3, 1940, the attorney for Mrs. Beam again wrote the Telephone Company advising that Mr. Beam had ceased making the payments specified in the contract dated September 4, 1937, and that Mrs. Beam would expect the company to pay her the past due installments and to make future payments direct to her as required by the contract. Under date of October 28, 1940, the Telephone Company declined to comply with such request and hence this suit.

■ Mrs. Beam insists that since the Telephone Company was not a party to the divorce proceedings, it may not rely upon the decree therein rendered as a defense to her asserted cause of action on the original contract. It is elemental that only the parties to a judgment are bound by its terms. It is also generally held that only the parties who are bound by a judgment can avail themselves of its benefits. However, for the reasons hereinafter set forth, we do not think these well settled abstract propositions of law have any controlling effect in their application to the record before us.

In the first place, the Telephone Company did not tender any witness on the trial of this case. Mrs. Beam pleaded and proved both the contract and divorce decree as the basis of her asserted right of recovery. According to her pleadings and evidence, the only claim which she had against the Telephone Company arose solely through and by virtue of her primary claim against her former husband and therefore the Telephone Company was to that extent in privity with Mr. Beam who was a party to both the original contract and divorce decree. The contract showed upon its face that its effective operation was contingent upon the subsequent granting of a divorce.

■■ Furthermore, a consent judgment is in most respects the same as a contract between the parties and is ordinarily to be construed as such. Turman v. Turman, 123 Tex. 1, 64 S.W.2d 137; De Garza v. Magnolia Petroleum Co., Tex.Civ.App., 83 S.W.2d 453. When entered by a court of competent jurisdiction, "it has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding, as such, as between the parties thereto and their privies, * * * and unless it is vacated or set aside in the manner provided for by law, it stands as a

final disposition of the rights of the parties thereto." Peterman v. Peterman, Tex. Civ.App., 55 S.W.2d 1108, 1110. Moreover, where a creditor voluntarily accepts from his debtor a new agreement in lieu of a prior contract, with intent to cancel the former contract and substitute therefor the latter, such action constitutes a novation by substitution of the parties. Meador v. Rudolph, Tex.Civ.App., 218 S.W. 520 (error dismissed).

The contract and divorce decree here sued upon were unquestionably intended to cover, and actually did cover, the same subject matter between the identical parties. The provisions in the original contract are in irreconcilable conflict with the provisions in the divorce decree with respect to the manner and method of wage payments. It is not contended that Mr. Beam was bound by the wage assignment to the extent of one-third of his wages, and that he was also bound by the divorce decree to the extent of an additional one-third of his wages. Since he was required by the divorce decree to pay one-third of his salary into the registry of the court, the Telephone Company was not thereafter authorized to make additional payments for him under the wage assignment.

■ Mrs. Beam recognized the validity of the divorce decree and the manner of payments therein required, until her daughter became 16 years of age, and without protest she accepted the benefits accruing thereunder, including the potential right to have at least a part of such payments enforced by contempt proceedings. Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953. She has recovered the judgment which she sought in this suit against her former husband, which judgment was and is, we think, properly grounded solely upon his failure to make the payments in the manner required by the divorce decree.

■ We are therefore of the opinion that the trial court did not err in concluding that the original contract was merged into the divorce decree, that such decree constituted a novation of contract and that Mrs. Beam is estopped by her conduct from asserting the continuing validity of the wage assignment, all with the result that she is not now entitled to recover anything against the Telephone Company. If we are correct in the views thus expressed, all of the other points of error urged by Mrs. Beam become immaterial.

416

With reference to the contention of B. T. Beam as appellant, we recognize the general rule asserted by him to the effect that a money judgment should state with certainty the amount recovered, or furnish the means by which it may be rendered certain. However, in this case the amount of the payments to be made under the divorce decree was exactly the same as the amount of payments to be made under the original contract, the only difference between the two instruments being with respect to the manner and method of such payments and the security therefor. We do not think Mr. Beam should now be heard to say under the circumstances which he actively assisted in creating that both the contract and divorce decree, or either of them, was void for uncertainty or indefiniteness, and especially so since both the contract and decree each contained the same definite standard by which the amount of such payments could be and has been rendered certain. Consequently, even though his appeal had been perfected, his contention could not be sustained.

Finding no reversible error in the case, the judgment of the trial court is affirmed.