## MOODY & TIPS LUMBER CO. v. SOUTH DALLAS BANK & TRUST CO.

No. 14463.

Court of Civil Appeals of Texas. Dallas.

Jan. 11, 1952.

Rehearing Denied Feb. 15, 1952.

W. E. George and J. A. Lantz, both of Dallas, for appellant.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellee.

BOND, Chief Justice.

This appeal is from an ancillary judgment in garnishment proceedings. The appellant, Moody & Tips Lumber Company, as plaintiff, initiated the primary suit against Buster Shelton for debt, and sued out writ of garnishment against South Dallas Bank & Trust Company. The garnishment writ was duly issued and served on the garnishee Bank, who first answered, admitting its indebtedness to the debtor Shelton in the sum of $407.69.

On October 9, 1950 the garnishment suit and the primary suit were dismissed "for want of prosecution" without limitation or reservation, and on that date the judgment was entered on the minutes of the court. After the entry of said judgment of dismissal, and on the same day (October 9, 1950), Shelton obtained a certified copy of the dismissal judgment, under seal of the District Court, and within garnishee's banking hours presented said copy to the cashier of the bank and demanded release of the impounded fund in pursuance to said judgment. Whereupon, the cashier paid Shelton the $407.69 and credited Shelton's account with the Bank. Thereafter on October 10, 1950, upon motion of the plaintiff, the trial court set aside the judgments and reinstated the causes on the docket of the court for trial. Such reinstatements were without notice to the garnishee. Appellant's motion for reinstatement of the suits was oral and based on equitable grounds (conceded here to have been good), in that the primary suit had been set for trial October 20, 1950; that plaintiff could not proceed further in the garnishment suit until the primary suit was tried on the merits and final judgment entered therein; and that plaintiff had proceeded with due diligence and had a meritorious cause of action.

On May 12, 1951 the garnishee Bank filed its first amended answer in lieu of its original answer, relating therein that it relied absolutely upon the certified copy of the court's judgment of dismissal and, in obedience thereto, paid over and delivered to Shelton the impounded sum of $407.69. Hence, since said date, it had no funds in its possession belonging to Shelton and was not anywise indebted to Shelton.

On January 26, 1951, in the primary cause of action, judgment was rendered in favor of the plaintiff against defendant Shelton in the sum of $830.92, from which no appeal was prosecuted; thus it became a final judgment. Then on May 12, 1951, in the garnishment suit, the judgment was entered in favor of the garnishee Bank, from which this appeal is prosecuted.

It will be seen that the appeal is grounded in equity, as was appellant's motion to reinstate. The effect of the dismissal for want of prosecution imposed upon plaintiff the burden of filing a new

suit, or motion showing equitable grounds for reinstatement, with the disadvantage of enabling the adversary garnishee to plead and prove additional defenses in relation to the impounded fund. The release having taken place after the judgment of dismissal and before reinstatement of the cause, the issue of "balancing of the equities" was presented for determination by the trial court. A dismissal for want of prosecution is equivalent to a voluntary dismissal by the plaintiff; and, in a proper case, one whose suit has been dismissed may appeal to the equitable powers of the court to have the judgment set aside and the case reinstated for cause. Gillespie's Adm'r v. Redmond, 13 Tex. 9. It is a rule of equitable jurisprudence, where a cause is dismissed as the result of plaintiff's laches in failing to follow up the case on call of the court's docket, and the reinstatement thereof places the defendant or garnishee in a position where he would be prejudiced as to his liability, that the doctrine of "balancing the equity" applies; and, as between the parties, the liability of garnishee must be measured in the light of equity in favor of the garnishee. Security State Bank v. Higginbotham Bros., Tex. Civ.App., 250 S.W. 790.

In the case of San Antonio v. Garcia, Tex.Civ.App., 243 S.W.2d 252, 254, Judge Norvell of the San Antonio Court of Appeals applied the rule of equity (the case having been dismissed and thereafter reinstated), quoting with approval the Supreme Court in Dowell v. Winters, 20 Tex. 793, 794: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; *provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."* (Emphasis ours.) Then, too, the San Antonio Court approved the fur-

ther announcement in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W. 2d 124, 126, where Judge Hickman, speaking for the Commission of Appeals, adopted by the Supreme Court, said: "Applying the rule announced in the Dowell-Winters case and followed in the other cited cases to the facts of the case before us, the certain conclusion is reached that the trial court should have granted the motion of the defendant to set aside the default judgment and reinstate the case on its docket. * * * While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. * * * A default judgment should be set aside and a new trial ordered * * * provided the motion for a new trial sets up a meritorious defense (equitable grounds) and is filed at a time when the granting thereof will occasion no delay or *otherwise work an injury to the plaintiff. This is a just rule.* It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity." (Emphasis ours.)

It would seem within the purview of reason and justice that where a plaintiff allows or suffers its suit to be dismissed for want of prosecution, and such dereliction on his part would occasion and work an injury to a defendant, thereby calling for the exercise of the equitable powers of the trial court, then a much greater reason in equity should abound in favor of an innocent garnishee,—a mere stakeholder.

A judgment of court should be accorded absolute verity, especially so where same shows on its face that it was entered for "want of prosecution," which implies "a conscious indifference" on part of the plaintiff or laches of the plaintiff. Thus, "As between the plaintiff and the garnishee, the latter should be favored." In all justice, as between parties in the case at bar, the trial court exercised the power of its discretion, i. e., balanced the equity between them.

Appellant contends in effect that the garnishee Bank, in releasing the impounded fund, acted without lawful authority or right; hence its action in so doing is not controlled by the rules of equity. Appellant relies on the judgment of dismissal as not having become final perforce of Rule 330j, Texas Civil Procedure, providing for judgment not to become final until the expiration of thirty days from date of judgment or motion for new trial is overruled; and that it being within the power of the court to set aside the judgment of dismissal and reinstate the cause under the provisions of the Rule, supra, the rights of the parties when the case was reinstated stood in the same status as before dismissal. Such must be conceded, *provided such judgment occasioned no affirmative action on the part of the defendant or garnishee as to work injury on either of them.* The court's action therefore being the result of plaintiff, the question is: Upon whom should the blame fall for the release of the funds? While a motion to reinstate partakes of the nature of a new trial, yet, in cases as here, it is a proceeding in equity as in the case of a Bill of Review to set aside a judgment to which equity applies.

A "Bill of Review," as in "Motion to Reinstate a Default Judgment," is a proceedings in equity. A bill of review under the rules of Equity Jurisprudence may reinstate a judgment by default (for good cause), provided same is filed within two years after the judgment and same does not prejudice an innocent third party who has acted innocently on such judgment. Then, could it reasonably be said that a garnishee must wait two years after judgment, until a bill of review is filed and acted upon, else put himself in a position where he would be liable for releasing an impounded fund? Equity speaks in the negative. The trial court having determined the issue, our duty is clear. The judgment of the trial court should be affirmed. It is so ordered.

YOUNG, J., concurs.

CRAMER, J., dissents.

CRAMER, Justice.

I respectfully dissent from the holding of the majority in this case. The facts are not complex and are undisputed. The garnishment was one before judgment. Under such circumstances it was ancillary to and could not be disposed of prior to the main case. The main case was by the court, before the date of dismissal, set for trial on the merits. The trial setting date had not been reached at the time of the dismissal. The case was therefore not subject to dismissal for want of prosecution at the time such dismissal order was rendered. The case was therefore not subject to such a dismissal and the trial court thereafter, when the mistake was called to her attention, set such order of dismissal aside without written motion or notice to the other parties. Turman v. Turman 123 Tex. 1, 64 S.W.2d 137, wherein the court at page 139, held: "The rule as to involuntary dismissals is that, where a court has dismissed the case, not at the request of the plaintiff, but because of want of jurisdiction, defective pleadings, defective process, failure of plaintiff to prosecute or appear, the dismissal may be set aside at, the same term at which rendered without notice to the defendant. Carlton v. Miller, 2 Tex.Civ.App. 619, 21 S.W. 697. The same rule, of course, obtains as to judgments rendered in trials on the merits. Hooker v. Williamson, 60 Tex. 524. But as to a voluntary dismissal, relied on by the defendant, we understand the rule to be as stated in Clifton Mercantile Co. v. Summers (Tex.Civ.App.), 283 S.W. 203, and Clifton Mercantile Co. v. First National Bank (Tex.Civ.App.) 283 S.W. 205, that the defendant is entitled to notice of filing motion to set aside the dismissal. * * * The weight of authority is that, under such circumstances, notice must be given so that defendant may have an opportunity to be heard. 18 C.J. 1210.

"The holdings in Williams v. Huling, 43 Tex. 113, and Parnell v. Barron (Tex. Civ.App.), 261 S.W. 529, are not in conflict with our views, above stated. Those were

cases dismissed for want of prosecution and not cases of voluntary dismissals. The difference is obvious."

In the present case the dismissal was involuntary and therefore subject to reinstatement or new trial, or to be set aside, by the trial court, on its own motion and without the necessity of an equitable showing. If the judgment for dismissal for want of prosecution had not been set aside by the court, the judge would have abused her discretion and the judgment would have been reversed on appeal. If reversed on appeal and on the second trial plaintiff should prevail, the garnishee would have been liable, notwithstanding the fact that he had paid out the money before· such reversal. Appellee as garnishee cannot defeat such liability for its act in paying out the garnished fund before the trial court set aside the order before the end of the term and avoided a reversal on appeal.

The cases cited in the majority opinion are clearly distinguishable. The citation to 15 Tex.Jur. 291, sec. 47, which states that "a dismissal for want of prosecution is equivalent to a voluntary dismissal by the plaintiff, and does not in any way affect the right of defendant to recover on his cross action, * * *," has an entirely different meaning from that asserted by appellee here. This is shown clearly by the qualification "and does not in any way affect the right of defendant to recover on his cross action". The result of that case would have been the same, whether the dismissal was voluntary or involuntary since it did not affect the cross action. The other cases cited in support of the Texas Jurisprudence citation are also clearly distinguishable.

A dismissal for want of prosecution is not a voluntary dismissal but an involuntary dismissal and all doubt has been settled by our Supreme Court in Turman v. Turman, supra.

For the reasons above stated, it is the writer's opinion that the judgment below should have been reversed and here rendered for appellant. I therefore dissent from the judgment of affirmance by the majority.