**HEIGHTS FUNERAL HOME, Appellant,**

v.

**Olivia McCLAIN and Husband, Alex McClain, Appellees.**

No. 5090.

Court of Civil Appeals of Texas. Beaumont.

March 15, 1956.

Rehearing Denied March 28, 1956.

George Red & Pat N. Fahey, Houston, for appellant.

Chilton Bryan, Houston, for appellees.

ANDERSON, Justice.

The appellant, Heights Funeral Home, as plaintiff, sued appellees, Olivia McClain and her husband Alex McClain, who will also be referred to as defendants, to recover damages because of the impairment suffered by one of its ambulances when the ambulance was in collision with an automobile that was being driven by Mrs. McClain. The defendants filed a plea in abatement which is also in the nature of a plea in bar. The plea was sustained and plaintiff's suit was dismissed, with prejudice. An appeal from the order of dismissal was perfected from the 127th District Court of Harris County to the Court of Civil Appeals at Galveston, and the case was then transferred to this court by the Supreme Court.

The factual background of the case is essential to a proper understanding of the plea in abatement and the order of dismissal, and will be first supplied.

On or about January 5, 1952, at a street intersection in Houston, an ambulance belonging to Heights Funeral Home was in collision with an automobile that was owned by appellees and that was then being driven by Mrs. McClain. After the impact, the McClain automobile struck one Faye Buxton, a pedestrian who was standing on an adjacent sidewalk, seriously injuring her. A settlement was made between appellees and Faye Buxton and her husband, and the Buxtons entered into a covenant not to sue appellees. After this had been done, the Buxtons sued appellant Heights Funeral Home for damages because of Mrs. Buxton's injuries, alleging that the negligence of Heights Funeral Home was the proximate cause of the collision between the ambulance and automobile and of the resulting injuries to Mrs. Buxton. The suit was filed in the district court of Harris County, 61st Judicial District, and was numbered 402,-939. In addition to answering in the suit in the usual manner, Heights Funeral Home, with leave of the court, filed a third party action against appellees, Olivia McClain and husband, alleging that Mrs. McClain had been negligent in various ways and that such negligence had been the sole cause, or, in the alternative, a proximate cause, of the collision and of Mrs. Buxton's injuries, and praying for recovery against the McClains of all sums recovered against it by the Buxtons, or, in the alternative, that the McClains be required to contribute at least fifty per cent of any judgment recovered by the Buxtons. The suit was settled before trial and the following judgment was entered:

"No. C–402,939

| | |
|---|---|
| Mrs. Faye Buxton, Et vir<br><br>Vs<br><br>Heights Funeral Home | In the District Court of Harris County, Texas<br><br>61st Judicial District |

"Judgment

"On this 23 day of Dec. 1953, at a regular term of Court, came on to be heard the above styled and numbered cause, and came the plaintiffs, Leonard C. Buxton and Mrs. Faye Buxton, in person and by and through their duly authorized attorneys of record, and came the defendant and third party plaintiff, Heights Funeral Home, by and through its duly authorized attorneys of record, and came the third party defendants, Olivia P. McClain and husband, Alex McClain, by and through their duly authorized attorneys of record, and all parties announced ready for trial. A trial by jury having been expressly waived by all parties, all matters of law and of fact were duly submitted to the Court, and it was thereupon announced to the Court that the parties hereto have settled and compromised all matters at issue between them growing out of the accident made the basis of this suit, under the terms of which agreement judgment should be entered herein in favor of the defendant, Heights Funeral Home, and against the plaintiffs, Leonard C. Buxton and Mrs. Faye Buxton, and under

the terms of which agreement judgment should be entered herein in favor of the third party defendants, Olivia P. McClain and husband, Alex McClain, and against the third party plaintiff, Heights Funeral Home, with court costs being taxed against the defendant and third party plaintiff, Heights Funeral Home. And it appearing to the Court that since there are no further matters at issue between the parties to this suit, judgment should therefore be entered in favor of the defendant and against the plaintiff, and that judgment should be entered in favor of the third party defendants and against the third party plaintiff, it is therefore

"Ordered, Adjudged and Decreed that judgment be and the same is hereby rendered in favor of the defendant, Heights Funeral Home, and that the plaintiffs, Leonard C. Buxton and Mrs. Faye Buxton take nothing by reason of their suit; and it is further

"Ordered, Adjudged and Decreed that judgment be and the same is hereby rendered in favor of the third party defendants, Olivia P. McClain and husband, Alex McClain, and that the third party plaintiff, Heights Funeral Home, take nothing by reason of its third party action;

"Ordered, Adjudged and Decreed that all costs herein are taxed against the defendant, Heights Funeral Home, for which let execution issue, if the same are not seasonably paid.

"Entered this 23 day of Dec. 1953.
"/s/ Ben F. Wilson
"Judge"

The judgment was expressly approved, in writing, both as to substance and form, by the attorneys for all of the parties.

The present suit was filed after Cause No. 402,939 had been settled and the foregoing judgment had been entered.

In their plea in abatement, appellees sought in varying ways to avail themselves of Cause No. 402,939 and the judgment therein rendered. They pleaded the judgment as being res judicata of the present suit, as estopping appellant from prosecuting this action, and as a release of the cause of action now asserted by appellant. They also pleaded that, under Rule 97, Texas Rules of Civil Procedure, by failing in its third party action against them to sue for damages because of injury to the ambulance, appellant had waived and lost its right to do so.

The judgment of the trial court does not indicate the theory or theories on which the plea in abatement was sustained. The plea was merely sustained generally, and the suit was dismissed.

A consideration of the record as a whole leaves no doubt that the third-party action of Heights Funeral Home in Cause No. 402,939 was brought under Rule 38(a), T.R.C.P., which reads as follows:

"(a) When defendant may bring in third party. A defendant, on notice to the plaintiff, may ask leave of the court to file a cross-action against a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against the defendant. If the leave is granted, and service is completed upon the cross-action, the person so served, hereinafter called the third-party defendant, shall make his defenses under the rules applicable to the defendant, and his counter-claims and cross-claims against the plaintiff, the defendant impleading him (hereinafter called the third-party plaintiff) or any other party. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally

as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or who may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

The fact situation and the limited and qualified purposes for which appellees were made third-party defendants in Cause No. 402,939 were just such as are contemplated by the foregoing rule. The situation, as it existed when the third-party action was filed, was not such as is contemplated by Rule 97(a), T.R.C.P., which reads as follows:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The rule just quoted contemplates situations where the primary parties—the cross-plaintiff and at least one cross-defendant—are already before the court as parties to the action. It does not contemplate a situation where no cross-defendant is a party to the action and one can be brought in only with leave of the court and for such purposes only as the court may permit. The latter situation is governed by Rule 38(a), supra.

Since it was inapplicable to the fact situation that prevailed in Cause No. 402,939, Rule 97, supra, does not aid that cause and the judgment therein rendered in supporting the trial court's judgment in the case at bar. We must therefore consider the effects of the judgment, unaided by the rule.

Appellees concede that, because of differences in the nature of the causes of action asserted in Cause No. 402,939 and in the present suit, the judgment that was rendered in Cause No. 402,939 was not, in the strictest sense of the term, res judicata of the present action. They contend, however, that, under the theory of estoppel by judgment, the judgment has the effect of being res judicata of the present action and of barring any right appellant might otherwise have to recover on its claim. Such contention is based upon the theory that all questions of negligence and proximate cause that are here involved must be treated as having been involved in Cause No. 402,939 and as having been there decided in favor of appellees.

Some of the rules relative to estoppel by judgment were thus stated or summarized by this court in Withers v. Republic Nat. Bank of Dallas, Tex.Civ.App., 248 S.W.2d 271, 282:

"Estoppel by judgment operates on issues of fact and issues of law. The determination of the particular issue must have been essential to the support of the prior judgment. The particular issue must have been actually determined by the prior judgment, or else must have been necessarily involved in the determination made. The estoppel applies whether the issue is determined by agreement or by the tribunal to which it has been submitted. The determination made by the prior judgment need not have been right."

Should we disregard the fact that the judgment in Cause No. 402,939 was entered by agreement, following a settlement, and construe it strictly in the light of the rules just above stated and of the pleadings that were on file, we doubt that it would operate as an estoppel against a trial of the issues of negligence and proximate cause in the present action. Since judgment was sought against the third-party defendant only in the event the plaintiffs recovered against the defendant, or third-party plaintiff, the judgment that the third-party plaintiff take nothing against the third-party defendants would have resulted from a finding that the defendant Heights Funeral Home had not been guilty of negligence that prox-

imately caused Mrs. Buxton's injuries; and the question of whether Mrs. McClain had been guilty of negligence that proximately caused the collision between the ambulance and automobile need not necessarily have been determined.

However, the judgment was entered by agreement, in consummation of a settlement, and must be construed in this light. And when it is so construed, we feel that it must be held to estop the plaintiff from maintaining the present action.

With reference to consent judgments, we quote the following from Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412, 415:

"Furthermore, a consent judgment is in most respects the same as a contract between the parties and is ordinarily to be construed as such. Turman v. Turman, 123 Tex. 1, 64 S.W.2d 137; DeGarza v. Magnolia Petroleum Co., Tex. Civ.App., 83 S.W.2d 453. When entered by a court of competent jurisdiction, 'it has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding, as such, as between the parties thereto and their privies, * * * and unless it is vacated or set aside in the manner provided for by law, it stands as a final disposition of the rights of the parties thereto.' Peterman v. Peterman, Tex.Civ.App., 55 S.W.2d 1108, 1110."

Among the recitations of the judgment in Cause No. 402,939, it will be recalled, was the following: "A trial by jury having been expressly waived by all parties, all matters of law and of fact were duly submitted to the court, and it was thereupon announced to the court that *the parties hereto have settled and compromised all matters at issue between them growing out of the accident made the basis of this suit;* under the terms of which agreement judgment should be entered herein in favor of the defendant, Heights Funeral Home, and against the plaintiffs, Leonard C. Buxton and Mrs. Faye Buxton, *and under the terms of which agreement judgment should be entered herein in favor of the third party defendants, Olivia P. McClain and husband, Alex McClain, and against the third party plaintiff, Heights Funeral Home,* * * *.*" It was then ordered, adjudged and decreed that the third-party plaintiff take nothing by reason of its third-party action.

Although not put in issue by the pleadings in that suit the damage to the ambulance was clearly one of the "matters at issue" between appellant and appellees "growing out of the accident made the basis" of the suit, and we think it must be held to have been one of the matters that was "settled and compromised". In view of the fact that, under Rule 67, T.R.C.P., issues which are not raised by the pleadings may nevertheless be tried by the express or implied consent of the parties, we do not feel that consent judgments must necessarily be interpreted strictly in the light of the pleadings on file. Particularly is this so with reference to judgments the sole purpose of which is to effectuate compromise settlements in damage suits. The intentions of the parties in such instances may be determined from the recitations of the judgment itself. And in this instance we think the judgment in Cause No. 402,939 evidenced the intention of all parties to it to compromise and settle all claims between them arising out of the collision between the ambulance and automobile and the striking of Mrs. Buxton by the automobile.

No error appearing, the judgment of the trial court is affirmed.