**Brenda SCHIESSER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1057.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1975.

Rehearing Denied Jan. 30, 1976.

James C. Henry, III, Stovall, Wilhite, Leger & Gilbreath, Houston, for appellant.

E. M. Dellinger, Cullen B. Poe, Sara McIntosh, Houston, for appellee.

## OPINION

BISSETT, Justice.

This appeal arises out of a suit brought by the State to terminate the parent-child relationship between Brenda Shadowens Schiesser and her three children. The case was tried before the court without a jury on March 11, 1975. The trial court entered judgment on March 31, 1975, whereby defendant's parental relationship with her children was terminated and the Harris County Child Welfare Unit was appointed managing conservator for the children. Brenda Shadowens Schiesser, defendant, has perfected an appeal from that judgment.

The court made the following findings of fact relevant to the questions before this Court: that appellant, the mother of the children, voluntarily left her children in the possession of the Harris County Child Welfare Unit and expressed no intent to return; that the children were in possession of the Harris County Child Welfare Unit for three months; that the children were supported by Harris County for three months; that termination of the parental rights of the appellant is in the best interest of the children. The court concluded that the parental rights of appellant to her three children "are permanently terminated".

■ Appellant, in her third point of error, claims that the trial court did not have jurisdiction to enter any judgment because the cause was previously dismissed by appellee and was subsequently reinstated without any hearing or notice provided to her. She argues that the reinstatement of a dismissed cause of action without any notice or hearing is a violation of due process.

The litigation was instituted on July 23, 1973, when the State filed its petition in the Juvenile Court of Harris County, Texas. Several amended petitions were subsequently filed. The transcript does not show that any answer was filed by appellant. The case was dismissed by order which was signed on January 3, 1975, pursuant to motion by the State "for insufficient evidence". On January 10, 1975, a motion was filed by the State to set aside the order of dismissal, and on January 14, 1975, the trial judge signed an order which did set aside the dismissal. Another motion was filed on

January 23, 1975 to set aside the order of dismissal and to reinstate the previous order which appointed the Director of the Harris County Child Welfare Unit as temporary managing conservator of the three children. On January 30, 1975, the trial judge signed an order which also set aside the order of dismissal, and reinstated the order which provided for temporary managing conservatorship of the children. Appellant was not given any notice of the motions to dismiss the case, of the motions to set aside the order of dismissal, or of the orders which set aside the dismissal and reinstated the case.

A trial on the merits was held on March 11, 1975. Appellant and her attorney appeared and appellant testified at the trial. The judgment, which was signed on March 31, 1975, recited that the best interest of the children will be served by appointing Harris County Child Welfare Unit as managing conservator for them. It was decreed that the parent-child relationship between appellant and the children "be and it is hereby terminated", and that Harris County Child Welfare Unit be appointed managing conservator of the children.

Appellant did not find out about the motions to dismiss, the order of dismissal, the motions to set aside the dismissal, and the orders which set the dismissals aside and reinstated the case until after judgment had been signed. After discovery thereof, appellant complained of such actions in her amended motion for new trial, which, apparently, was overruled ·by operation of law.

Appellant contends that the lack of notice to her rendered the reinstatement order void, and that the trial court lacked jurisdiction over her in the main cause, thus rendering the judgment of March 31, 1975 void. She relies on the cases of *Clifton Mercantile Co. v. Summers*, 283 S.W. 203 (Tex.Civ.App.—Waco 1926, no writ); *Turman v. Turman*, 123 Tex. 1, 64 S.W.2d 137 (Tex.Comm'n App.1933, opinion adopted) and *Strange v. Strange*, 464 S.W.2d 364 (Tex.Sup.1971). She cites the cases for the proposition that after the suit has been formally dismissed, the court may not properly proceed to trial and judgment without further notice to her. The cited cases can be distinguished from the case at bar. In each of those cases, the defendant had actual notice that the cause had been dismissed, and had relied upon the dismissal. Here, the appellant did not have any such notice, and in the absence of such notice, could not have relied upon the dismissal. Moreover, there is no evidence that the motion to set aside the order of dismissal and to reinstate the case involved any question of fact. Appellant has offered no evidence or made any argument which demonstrates what she would have done to oppose the reinstatement order had she had notice thereof, or how the granting of the motions to set aside the order of dismissal affected her defense in the suit brought by the State against her. There is no showing that the lack of notice has prejudiced the appellant in any way, or amounted to such a denial of appellant's rights as was reasonably calculated to cause and did cause the rendition of an improper judgment in the case. See Rule 434, T.R.C.P. Appellant's third point is overruled.

Appellant, in her first and second points of error, asserts that the trial court erred in terminating her parental rights under § 15.-02(1)(B) of the Texas Family Code because there was "no evidence" to sustain the findings that she voluntarily left the children in the possession of another not the parent without expressing an intent to return, without providing for their adequate support and remained away for a period of at least three months; and that the evidence is factually "insufficient" to sustain those findings. Neither point can be sustained.

In reviewing the record to determine the merits of a "no evidence" point of error, this Court must examine the record for evidence which supports the trial court's decision and disregard all evidence contrary to the findings of the trial court. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965). In analyzing appellant's factually "insufficient

evidence" point of error, this Court must review the entire record, weigh all the evidence, and determine if the judgment complained of is wrong and manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The Tex. Family Code Ann., § 15.02 (1974), provides, in part:

"A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

\*　\*　\*　\*　\*　\*

(B) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; . ."

The children were first removed from appellant's custody at her own request in 1972. Appellant was then estranged and separated from Freddie Shadowens, her husband at that time. Shortly after the children were given over to the appellee in 1972, the appellant began living with one William Schiesser, whom she married sometime after November, 1974, but prior to trial. In September, 1974, appellant obtained divorce from Freddie Shadowens, but she continued to live with William Schiesser. In November, 1974, the three children were returned to appellant's custody. Five days after their return, the appellant called the Harris County Child Welfare Unit and requested that they come pick up the children. The children were again returned to the custody of the Harris County Welfare Unit on November 20, 1974.

There is evidence that Schiesser, the man with whom appellant was living in November, 1974, did not want the children in his home. The record is devoid of any evidence that the appellant ever expressed any intent to return for the children. Absent any positive evidence of such intent, it was proper for the trial court to find that the appellant did not intend to return for her children.

The record clearly shows that the children were placed in the hands of the Harris County Child Welfare Unit, which is a charitable, publicly-funded institution. There is no evidence in the record that the appellant contributed any money to this institution to defray the cost of supporting her children. Additionally, appellant, in her brief, admits she did not support her children while they were in the custody of the child welfare unit.

The record also indicates that the children remained in the continuous possession of the Harris County Child Welfare Unit from November 20, 1974 until the date of the trial on March 11, 1975. That period of time is in excess of three months. Appellant visited her children once during that interval of time.

There is ample evidence to support the findings made by the trial court and the judgment that was rendered. Appellant's first and second points are overruled.

The judgment of the trial court is affirmed.

NYE, Chief Justice (concurring).

I disagree with the majority's holding that the appellant did not have notice of the order of dismissal and the reinstatement of the case. The record shows that the motion to dismiss, the order of dismissal, the motion to set aside the dismissal, and the orders reinstating the case were all a part of the official record of the case. The attorney for the appellant had access to all of the pleadings of the case prior to trial. Even the court's docket sheet "noted" that such prior action had taken place. The attorney had constructive, if not actual, notice of all of such prior trial proceedings at the time he announced "ready for trial" on the merits of the case. His appearance and participation in the trial amounted to a waiver of his right to object to the preliminary matters of record that took place prior to the actual trial.

Any party to a suit may appear by his attorney and his appearance is binding on the litigant. The appellant does not claim here on appeal that her attorney did not have authority to appear therein and represent her. The courts of Texas will not set aside a judgment because of the negligence or mistakes of his attorney who participated in a trial. *Sandoval v. Rattikin*, 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.), reh. denied, 385 U.S. 964, 87 S.Ct. 389, 17 L.Ed.2d 309; 34 Tex. Jur.2d § 213; 25 Tex.Jur.2d §§ 2–6; and cases cited therein. *In re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). See also *Metts v. Waits*, 286 S.W. 923 (Tex.Civ.App.—Austin 1926, no writ); *Maeding v. Maeding*, 155 S.W.2d 991 (Tex.Civ.App.—Galveston 1941, no writ).

The pleadings, the orders and the docket sheet were all a part of the official record in this case. All of the matters that the appellant now complains of were of record and were officially before him when he announced ready for trial. His complaint after trial comes too late. He should have made his objection to such preliminary matters before the trial began.

It is an attorney's obligation to know what appears in the pleadings on file and in the official record of his case. Such knowledge of the attorney is imputed to his client. There was no action taken by the appellee or the trial judge that prejudiced any of the rights of the appellant. She had her "day in court". In absence of fraud, a party is as fully concluded by the acts of the attorney as if he were acting for himself. *Fonseca v. County of Hidalgo*, 527 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

I agree that the judgment of the trial court should be Affirmed.